■ HELEN PORCARO, as Administratrix of the Estate of NICHOLAS PORCARO, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33771.) ANGELA MANTIA, as Administratrix of the Estate of BARTOLO MANTIA, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 35258.) — Appeals by the State from judgments of the Court of Claims which awarded wrongful death damages and property damage, caused when the automobile in which claimants' intestates were riding skidded while proceeding downgrade on the icy surface of the Taconic State Parkway, left the highway and collided with a clump of trees. The trial court found that at about 7:30 A.M. on the day of the accident the pavement became icy by reason of a freezing drizzle of rain and that sanding operations then began; that the upgrade and crest of the hill had been sanded when decedents' automobile arrived and traversed them at about 8:00 A.M.; that the downgrade had not been sanded and was icy and hazardous and that this condition was not ascertainable by decedents' driver until he had gone over the crest of the hill; and that the State was negligent in failing to give adequate warning of the "dangerous conditions due to the interruption of sanding". The sole authority cited by the trial court was *Smith v. State of New York* (12 Misc 2d 156, affd. 8 A D 2d 931) which, however, involved an accident on " a clear dry, night " in July, found to have been caused by the State's failure to erect signs warning of a dangerous condition due to improper design and construction of the highway. We perceive no reasonable basis for the theory that would require the operators of the sanding equipment when running out of sand and before going to replenish the supply, to place and subsequently retrieve flares or other warning devices. Such a rule would seem to require warning of the obvious and if observation of the action of the freezing rain did not in itself serve to warn of the reasonably to be apprehended danger of an icy spot or stretch at some point or any point ahead, certainly the presence of fresh sand would seem to be the most clear and certain indication of the subsisting and omnipresent danger. The purpose of sanding was not to provide a surface safe for normal operation of an automobile; but to provide an emergency measure to afford some traction on grades and reduce the risk of skidding by the operators of vehicles proceeding with due care and proper regard for the vagaries of winter weather and the hazards of winter driving. Further, no driver could reasonably assume that the sanded surface would continue for any distance ahead. It may be noted, additionally, although not as necessary to our decision, that the finding which attributed proximate cause to the absence of express warning seems of doubtful validity, in view of the testimony of the driver, who said that he was injured and rendered unconscious, momentarily at least, and that he did not remember the road conditions, that he remembered skidding but did not know what caused the skid and that there was "nothing unusual about anything else". Judgments reversed, on the law and the facts, and claims dismissed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

■ In the Matter of ROBERT A. LEHMER, Petitioner, v. EDGAR W. COUPER et al., Constituting the Board of Regents of the University of the State of New York, et al., Respondents.— Motion for stay granted, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.