EUGENE CRESCI, Respondent, *v.* CITY OF NEW YORK, Appellant.

First Department, March 30, 1967.

*Alfred Weinstein* of counsel (*J. Lee Rankin, Corporation Counsel*), for appellant.

*Alfred S. Julien* of counsel (*Benjamin H. Siff* with him on the brief; *Benjamin D. Fernbach,* attorney), for respondent.

McNALLY, J. Plaintiff, age 22, a terrazzo floor mechanic, sustained external and permanent brain and other injuries result-

ing from an automobile accident on Sunday, October 11, 1959, at about 4:00 A.M. on the upper, westbound vehicular roadway of the Queensboro Bridge of the City of New York. He has recovered a verdict of $250,000.

Plaintiff's sole recollection of the occurrence is that prior thereto he was operating his motor vehicle on the bridge, watching and following a white line on his right, and proceeding at 20 or 25 miles per hour. Plaintiff has no recollection of where he was going or any of the prior events of said day. Plaintiff's wife was the last person to see the plaintiff before the occurrence. She retired at about 2:00 A.M., after plaintiff had volunteered to do the dishes following a family gathering at their home. At about 3:00 A.M. plaintiff's wife first became aware of plaintiff's absence. Plaintiff had departed in his automobile alone, Manhattan-bound, for an unknown destination. The sole witness to the occurrence is the plaintiff. The other evidence is as to the physical circumstances before and after the event.

The Manhattan approach of the bridge is supported by steel bents. After the occurrence plaintiff's automobile came to rest at bent number 13 on the south side of the roadway. The sides as well as the front and rear of plaintiff's automobile were extensively damaged and the windshield smashed. Bent 13 is over 300 feet west of the Manhattan anchor pier of the bridge. In the vicinity of said pier the Manhattan approach curves to the right, then resumes a westerly course and terminates northerly into 61st and 62d Streets in Manhattan. The roadway of concrete is 22 feet 6 inches in width, and bounded on either side by a wall 3 feet 6 inches high. In the vicinity of the Manhattan anchor pier and immediately west are marine lights on the top of each wall, seven on the southerly wall and six on the northerly wall. In addition, there are normal street lights on arms over the roadway 23 feet high. About 200 feet east of the said anchor pier is a lighted warning of curves ahead. In addition, at about 100 feet east of the abutment is a sign on each side warning of a turn ahead. The roadway is divided into two westbound lanes by a more or less centered line. Immediately west of the abutment the northerly side of the Manhattan approach burgeons into a triangular area, one arm being the northerly wall of the approach and the other arm being the westerly wall of the abutment. At this location, in order to contain westbound traffic within continuous and identical lanes, an additional white line is laid to the right of and parallel with the center line and the southerly wall, terminating at the point of the northerly wall where it resumes its more or less parallel course with the southerly wall.

There is no evidence that the condition of the weather served to limit visibility.

Plaintiff's theory is that he followed the most northerly white line on the Manhattan side of the abutment, and was lured into the northerly wall. His automobile came to a stop more than 200 feet west of the alleged point of impact, against the opposite, southerly wall. There is no evidence, direct or circumstantial, to support plaintiff's version. We have carefully reviewed the facts in the light of the rule of *Noseworthy* v. *City of New York* (298 N. Y. 76, 78) and assumed, as in a death case, this plaintiff is not held to the same degree of proof as one who is able to give his version of the occurrence. We cannot on this record hold that plaintiff has circumstantially established his theory of the case. (*Wank* v. *Ambrosino,* 307 N. Y. 321; cf. *Stein* v. *Palisi,* 308 N. Y. 293.)

If it be assumed that the accident occurred as alleged, we are impelled to the conclusion that plaintiff has failed to establish negligence on the part of defendant and freedom from contributory negligence on his own part. Plaintiff disavows reliance on defective or improper design of the Manhattan approach. (See *Weiss* v. *Fote,* 7 N Y 2d 579.) We fail to find evidence of negligent maintenance. There were warning signs before the alleged site of impact and illumination on the walls bounding the highway as well as street illumination. In addition, the traffic lanes were clearly defined. All traffic was one way, westbound, and there does not appear to have been any complication arising from congested traffic. Plaintiff's testimony in substance is that he relied solely on the most northerly white line and was entrapped into a course resulting in impact with the northerly wall. The record fails to establish any reasonable basis for such reliance and fails to support the theory that the additional measures described by plaintiff's expert would have availed this plaintiff. (*Hicks* v. *State of New York,* 4 N Y 2d 1.)

If we did not dismiss the complaint, we would direct a new trial on the ground that the findings of negligence and freedom from contributory negligence implicit in the verdict are against the weight of the evidence.

The judgment should be reversed on the law and the complaint dismissed, with costs and with disbursements.

Eager, J. P., Steuer and Rabin, JJ., concur; Capozzoli, J., concurs for reversal, but would order a new trial in the interest of justice.

Judgment reversed, on the law, with $50 costs and disbursements to the appellant, and judgment rendered in favor of the defendant dismissing the complaint.