Ronald E. Coleman, J.
The claim was duly filed on December 7, 1964 and aside from a settlement with one of the drivers involved in the decedent’s accident, has not been otherwise submitted to any other court or tribunal for audit or determination. Claim was made for conscious pain and suffering and wrongful death of Dr. Ewen A. MacKenzie as a result of injuries received by him on February 23,1964. The title to the claim was amended on the trial to read as shown above.
On February 23,1964 the decedent and his wife left their home at Port Colborne, Ontario, and drove down to Poverty Hill near Ellicottville, New York, to ski. They spent the day skiing and started home about 5:00 p.m. In the morning they had driven *858 down from Buffalo on Route 219 and in the evening they started back by the same route. Mrs. MacKenzie was driving their Lincoln automobile with her husband the decedent as a passenger in the front seat. They proceeded northerly on Route 219 and about 6:00 p.m. at a point northerly of Ellicottville and southerly 1.5 miles of the line between Erie and Cattaraugus Counties the automobile skidded, went off the right-hand or easterly side of the highway into a field a distance of some 15 yards where it came to rest facing northerly and parallel to the highway. Shortly thereafter another automobile came along traveling northerly and they called out to the occupants to send help back for them. Some time later another automobile traveling northerly stopped half on the road and half on the shoulder about opposite or a little ahead of where their car was in the field. The doctor got out of their automobile, walked up to this car and was observed by Mrs. MacKenzie talking to the occupants on the front passenger side. While Mrs. MacKenzie could not say that she watched him continuously while he stood there, she did testify that if she did look elsewhere it was only momentarily. She could not say that she actually saw her husband struck but she heard a crash and she testified that she just knew that he had been hit. She got out of their automobile and went up to the highway where she found the doctor lying half on the road and half on the shoulder in front of the automobile, the occupants of which he had been talking to just prior to the accident.
This parked automobile had been struck from behind by another vehicle. The driver of the second vehicle testified that as she approached the scene about 6:45 p.m., driving in a northerly direction, she observed the tail lights of a vehicle ahead of her and thought that the car was moving. As she approached she observed that the automobile was stopped half on the road and half on the shoulder. When she realized this she applied the brakes and she said that she skidded four to five car lengths before hitting the parked car during which time she turned the steering wheel of her car to the right. She was unable to give any other measurements as to the distances here involved. The damage to her Thunderbird automobile appeared to have been to the driver’s door, she did not see the doctor before the crash and remembers nothing immediately following the time that her automobile struck the parked car.
Claimant predicated the State’s negligence on the fact that there was snow or ice or a combination of both on the highway where the accident happened and that the State had failed to correct the situation or to give warning of the condition. There was snow on the road at the scene of the accident; whether or *859 not there was also ice on the road we are unable to determine on this record. However, this much was shown — that the highway at the scene of the accident was slippery. The testimony was that February 23 was a wintry day, it was cold in the morning and while it was a clear day it does not appear that the temperature got above the freezing point during the day. While it had not snowed that day there was testimony that in the afternoon and evening prior to the accident the wind was blowing, it was gusty at times and that snow had blown upon the highway. This condition existed throughout the immediate area in that snow from along the road had been blown onto the pavement covering areas which varied in size and this condition on Route 219 existed from Ellicottville northerly to where the accident happened 1.5 miles southerly of the Erie and Cattaraugus line.
Ordinarily the obligation of the State is discharged when the users of the highway exercising reasonable care can and do travel over it safely. (Boyce Motor Lines v. State of New York, 280 App. Div. 693, affd. 306 N. Y. 801.) In the exercise of reasonable care and maintenance the State is not required to go the limits of human ingenuity to accomplish safety of the highway (Stukey v. State of New York, 202 Misc. 1029, affd. 281 App. Div. 1005). The brief period of time during which the snow condition due to weather and gusty wind conditions had existed was not sufficient to constitute constructive notice to the State which imposed negligence on it for failure to sand. Mere presence of snow or ice on the highway in the wintertime and the mere fact that a vehicle skidded thereon do not constitute negligence on the part of the State. (Quigley v. State of New York, 281 App. Div. 185, affd. 308 N. Y. 846; Tournerie v. State of New York, 1 A D 2d 734.) Under the weather conditions prevailing that afternoon and early evening there was an element of hazard which was obvious and reliance could not be placed on the presumption of the safety of the highway. (McFarlane v. City of Niagara Falls, 247 N. Y. 340.) The cause of the accident cannot be attributed to the State under the facts herein. (Quigley v. State of New York, supra; Tournerie v. State of New York, supra.)
Further, it was negligence on the part of the driver of the automobile struck not to have parked off the highway and on the shoulder. No reason was given why that could not have been done. In spite of this fact the driver of the other automobile could have passed on the left-hand side of the parked automobile, as no oncoming traffic was observed by her at the time. On this record the proof was that her automobile struck the parked car, somehow swung around the right hand side of that *860 car striking the doctor who when last seen was standing by the front door to the passenger side. The doctor was struck with such force that he was thrown in front of the parked car and sustained serious multiple injuries including a crushed chest and broken legs, all of which caused his death.
The decedent was free of contributory negligence. The proximate cause of this accident was not negligence on the part of the State but rather the existing weather conditions and the negligence of the other drivers. The weather condition and the general condition of the roads in the area were known to the driver of the car that struck the decedent. On all the credible evidence claimant has failed to prove by a fair preponderance of the evidence any negligence on the part of the State which was a proximate contributing cause of the injuries sustained by the decedent resulting in his death. The claim must be and hereby is dismissed.