■ DOMINICK L. DONATO, III, Appellant, v COUNTY OF SCHENECTADY, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered November 28, 1988 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was severely injured in a one-car accident on the evening of June 16, 1984 when the vehicle he was driving on Scotch Ridge Road in the Town of Duanesburg, Schenectady County, failed to negotiate a left curve, struck a guidepost on the right-hand side of the highway and became airborne, striking an embankment and coming to rest after completely overturning. Plaintiff was found the next morning in a semi-conscious condition and testified at an examination before trial that, after leaving a barbecue he was attending in Rensselaer County and driving toward the home of a friend who lived on Scotch Ridge Road, he had no recollection of the events immediately preceding, during and after the accident. Scotch Ridge Road is a rural, two-lane county highway.

In bringing suit against defendant, plaintiff essentially alleged in his complaint and bill of particulars that defendant was negligent in (1) maintaining and repairing Scotch Ridge Road, (2) failing to provide adequate warning of the dangerous condition of the highway where the accident occurred, (3) failing to erect and maintain adequate and proper guardrails, barriers or other safeguards, and (4) failing to improve and widen the narrow roadway before, along and after the dangerous curve where plaintiff's car left the highway.

After plaintiff was deposed and, in turn, deposed defendant's Commissioner of Engineering and Public Works, Richard Bliss, defendant moved for summary judgment. The moving papers contained the affidavits of Bliss and of a civil engineer qualified as an expert in matters of highway design and highway and traffic safety. The affidavits were based upon personal inspection of the accident site, annexed reports of contemporaneous police and county investigations of the accident, test drives of the accident site, county departmental records regarding the incidence, if any, of prior accidents at the site and Local Laws, 1982, No. 7 of the County of Schenectady, in effect at the time of the accident.

In summary, the moving affidavits contained evidence in admissible form of the following facts: there were three warning signs installed on Scotch Ridge Road leading to the curve where plaintiff's car left the highway. The first sign, located some 1,200 feet from the curve, warned of the curve and contained a suggested speed limit of 10 miles per hour. The second sign, 600 feet from the curve, warned of an impending downhill grade. The third sign was a directional arrow located on the outside of the curve and in line with and facing approaching traffic. Each sign was in compliance with applicable State Department of Transportation (hereinafter DOT) regulations. All three signs were clearly visible, the arrow sign being visible from at least 100 feet prior to the curve. The curve itself could be safely traversed at a speed of 25 miles per hour. There were no applicable local, State or Federal statutes, codes or regulations requiring the installation of guardrails, and the guideposts that had been installed were in compliance with safety engineering standards when the road was built. The warning and guidepost installations at the accident site were the result of a considered decision by defendant and there had been no prior accidents at the site of which defendant had knowledge. Local Laws, 1982, No. 7 of the County of Schenectady § 1 (a) made prior written notice of defect a condition precedent to defendant's liability.

In opposition, plaintiff submitted the affidavit of a qualified expert, formerly chief engineer of DOT. He found that Scotch Ridge Road in the general area of the accident was in disrepair and that the shoulders were not sufficient for emergency use. These conditions, plus the narrowness and horizontal/vertical geometry of the road, created a hazardous situation. He further averred that the use of guideposts is obsolete and that their replacement by a guardrail system was suggested as early as 1981 by DOT's highway modernization recommendations to localities. Plaintiff's expert also opined that the warning signs were inadequate, citing to DOT's Manual of Uniform Traffic Control Devices (hereinafter MUTCD) to the effect that a different curve sign should have been used in conjunction with a stated speed of 10 miles per hour, and that the sign's placement was inappropriate in attempting to warn for conditions extending about one-half mile from the sign. He further claimed that the downhill warning sign installed before the curve was not the appropriate one and that its recommended use under the MUTCD is almost exclusively to warn drivers of heavy trucks to shift to a lower gear. Finally, plaintiff's expert further opined that the arrow sign at the curve was a "less

than optimal choice" and inferior to delineators or chevrons which would have been superior, as called for under the 1983 edition of the MUTCD.

We agree with Supreme Court's conclusion that plaintiff failed to submit prima facie proof establishing defendant's liability and, hence, summary judgment dismissing the action was proper. Any liability arising out of the disrepair of Scotch Ridge road was barred by defendant's local law requiring prior written notice. To the extent that plaintiff's expert attributed the accident to the unsafe configuration of the road and narrow shoulders, it is settled law that there is no duty on the part of municipalities or the State to expensively upgrade the design of a highway unless it cannot be negotiated at a prudent speed *(Van De Bogart v State of New York,* 133 AD2d 974, 976). Here, there was no evidence submitted contradicting the test results of defendant's expert that the curve could be safely negotiated at a speed well in excess of the posted speed of 10 miles per hour.

The opinion of plaintiff's expert that the warning signs installed by defendant were inadequate also is insufficient to create an issue of fact on defendant's liability. Assuming, arguendo, that negligence to defendant can be posited on the deviations from current standards for signing a road hazard in the MUTCD, plaintiff still has the burden to show that such negligence was a proximate cause of the accident *(see, Pontello v County of Onondaga,* 94 AD2d 427, 430). The uncontradicted evidence submitted by defendant was that the warning signs were clearly visible, beginning with the curve sign some 1,200 feet before the accident curve. There was no proof submitted by plaintiff that atmospheric or other conditions prevented him from seeing the signs, that the signs were otherwise inadequate to alert plaintiff to the danger or that the signing recommended by his expert would have been more effective than the warnings he apparently ignored. Accordingly, it would be entirely speculative to conclude that any deviation from the signing recommended in the MUTCD contributed to causing plaintiff to go off the highway. Hence, plaintiff failed to make any prima facie showing of proximate cause as to warning signs *(see, Pontello v County of Onondaga, supra; Cresci v City of New York,* 27 AD2d 277, 279, *affd* 21 NY2d 932).

We reject plaintiff's contention that his claimed amnesia as to how the accident happened excuses him from submitting proof on the element of proximate cause in his cause of action against defendant. No medical evidence was submitted of

amnesia caused by the injuries he sustained in the accident *(see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 334-335), and even if such proof of amnesia was adduced, plaintiff was still obligated to establish a prima facie case *(see, supra; Cresci v City of New York, supra,* at 279).

Finally, as to the use of guideposts at the curve rather than a linked guardrail system, in the absence of notice of the inadequacy of guideposts from prior accidents or otherwise, or a proven violation of applicable standards in effect when the posts were installed, or that the deliberate choice of defendant in using guideposts as part of the safety system for the curve that it adopted was the result of inadequate study or lacked a rational basis, the disapproval of guideposts by plaintiff's expert, even when supported by more modern highway safety standards, is not a basis upon which to impose liability *(see, Weiss v Fote,* 7 NY2d 579, 585-586; *Rittenhouse v State of New York,* 134 AD2d 774, 775-776; *Boyd v State of New York,* 103 AD2d 882, 883).

Order affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.