■ In the Matter of the Claim of DONALD L. WOLFMAN, Respondent. ALSTATE PROCESS SERVICE, INC., Appellant; COM-

MISSIONER OF LABOR, Respondent. [743 NYS2d 329] —Lahtinen, J. Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed November 21, 2000, which, inter alia, assessed Alstate Process Service, Inc. for additional unemployment insurance contributions based on renumeration paid to the claimant and others similarly situated, and (2) from a decision of said Board, filed March 23, 2001, which, upon reconsideration, adhered to its prior decision.

Claimant applied for unemployment insurance benefits after being discharged from his position as a process server for Alstate Process Service, Inc. in December 1998 for violating various Alstate policies pertaining to service of papers. The Department of Labor determined that claimant and other similarly situated process servers were employees of Alstate, assessed Alstate for additional unemployment insurance contributions and held that claimant was eligible to receive unemployment benefits. Following a hearing, the Administrative Law Judge reversed the Department concluding that claimant and those similarly situated were independent contractors and, thus, not entitled to unemployment benefits. Claimant appealed to the Unemployment Insurance Appeal Board, which reversed the Administrative Law Judge's decision and sustained the initial determination of the Department. Alstate appeals.

The issue as to whether a particular position constitutes that of an employee or an independent contractor is a factual question for the Board which is beyond judicial review if supported by "substantial evidence on the record as a whole" (*Matter of Rivera*, 69 NY2d 679, 682, *cert denied* 481 US 1049; *see, Matter of Jarzabek*, 292 AD2d 668). The evidence relied upon by the Board in its decision included Alstate's policy requiring its process servers to work consecutive days to insure that work would be completed as quickly as possible, its bulletin stating that its "process servers do not share their talents with other agencies," its payment for services on an hourly basis, its reimbursement of expenses and its requirement that all process servers submit regular reports. These findings provide a sufficient evidentiary basis under the controlling standard of review to support the Board's decision. While there is evidence to support a contrary conclusion, our review does not permit us to weigh the evidence and substitute our judgment for the Board's and our judicial inquiry ends upon a finding that the Board's decision is supported by substantial evidence (*see, Matter of Concourse Ophthalmology Assoc.*, 60 NY2d 734; *Matter of Di Martino*, 59 NY2d 638; *see also, Matter of Nehorayoff v Mills*, 95 NY2d 671).

Alstate's reliance upon *Matter of Paragon Process Serv. (Roberts)* (103 AD2d 882) is misplaced. While *Paragon Process* involved a successful challenge by a process service company to the Board's determination that its process servers were employees, the current case implicates several indicia of employment not present in *Paragon Process*, including payment of an hourly rate, reimbursement for expenses and representations by Alstate that its process servers worked exclusively for Alstate.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.