*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    519071
_____

TABETHA A. LINDQUIST et al.,
                    Appellants,
        v                                MEMORANDUM AND ORDER

COUNTY OF SCHOHARIE,
                    Respondent.
_____

Calendar Date:  January 14, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                    _____


        Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for appellants.

        Murphy, Burns, Barber & Murphy, LLP, Albany (James J. Burns of counsel), for respondent.

                    _____


Garry, J.

        Appeal from an order of the Supreme Court (Devine, J.), entered February 25, 2014 in Schoharie County, which granted defendant's motion for summary judgment dismissing the complaint.

        Plaintiff Tabetha A. Lindquist (hereinafter plaintiff) was seriously injured while driving on North Harpersfield Road in the Town of Jefferson, Schoharie County, when her vehicle left the road on a curve, traveled down an embankment, and struck a tree. Plaintiff and her husband, derivatively, filed a timely notice of claim alleging that the accident was caused by defendant's negligence in maintaining, repairing and designing the road. Thereafter, they commenced this negligence action. Following discovery and the filing of a note of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted

the motion, finding that plaintiffs had abandoned their claim for negligent maintenance and repair and had failed to plead a cause of action for negligent highway design in the complaint or to amend the complaint to include such a claim.  Plaintiffs appeal, contending that Supreme Court improperly dismissed the negligent highway design claim, and asserting that it was properly pleaded in their complaint.[1]

The complaint contains a single negligence cause of action that, in addition to allegations pertaining to negligent maintenance and repair, claims that defendant "caused, created and maintained" a defective and unsafe condition on the road. Plaintiffs assert that this language is sufficient to provide adequate notice of their negligent highway design claim, and that their notice of claim and bill of particulars provide additional notice by specifying that defendant, among other things, failed to provide adequate signs and warning devices, a guide rail or other barrier, and a sufficiently wide shoulder.  Regardless of the merit of these claims, they are premised on standards applicable to motions to dismiss pursuant to CPLR 3211 (a) (7). Here, a different analysis is required, as defendant moved for summary judgment pursuant to CPLR 3212 on the ground that plaintiffs' complaint failed to state a cause of action for negligent highway design.  This application by its nature is not addressed solely to the pleadings, and to treat it as such is in error.  Upon a motion premised upon this provision, "failure to state a . . . cause of action in pleadings would not be sufficient to permit unconditional summary judgment in favor of [a] defendant, as a matter of law, if [the] plaintiff's submissions provided evidentiary facts making out a cause of action" (Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 280 [1978]; see Reiser, Inc. v Roberts Real Estate, 292 AD2d 726, 727 [2002]; Mega Group v Halton, 290 AD2d 673, 675 [2002]; Canonico v Hayes, 127 AD2d 911, 913 [1987]).

---

[1]  Plaintiffs have abandoned any issues related to the dismissal of their negligent maintenance claim, as their brief includes no arguments on such issues (see Antich v McPartland, 293 AD2d 953, 953 n 1 [2002]).

In this unusual procedural setting, defendant was not required to meet the customary burden of establishing a prima facie right to judgment as a matter of law on the substantive merits of the negligent highway design claim. Defendant met its burden on its procedural claim, which was addressed to the pleadings and not to the merits, by identifying a defect in plaintiffs' complaint, and in this manner triggered plaintiffs' obligation to reveal an evidentiary basis in its submissions that was sufficient to "present[] facts curing the defect or supplying the deficiency" (Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.10 [2d ed 2014]). In this case, plaintiffs were thus required to establish a factual basis upon which a jury could find in their favor on a claim for negligent highway design.

"Municipalities owe a nondelegable duty to the public to construct and maintain their roads in a reasonably safe condition" (Temple v Chenango County, 228 AD2d 938, 938 [1996] [citations omitted]; accord Madden v Town of Greene, 64 AD3d 1117, 1119 [2009]). While this duty includes providing adequate warning signs and guide rails or other barriers in appropriate circumstances, a municipality will not be held liable for a breach of duty unless the breach proximately caused the accident (see Ferguson v Sheahan, 71 AD3d 1207, 1208 [2010]; Sherman v County of Cortland, 18 AD3d 908, 910 [2005], lv denied 5 NY3d 713 [2005]). Accordingly, to establish a cause of action for negligent highway design, plaintiffs were required to provide evidentiary facts that could support a finding that defendant breached its duty to maintain the road in a reasonably safe condition, and that this breach was a proximate cause of the accident.

Plaintiff, who suffered a traumatic brain injury, has no memory of the accident and does not know why her car left the road, other than her entirely speculative testimony that she might have been "reaching around to check on my kids, you know, when it was happening."[2] Plaintiff's two children were the only

_____

[2] Plaintiff was driving with a learner's permit at the time of the accident, although there was no supervising licensed driver in the car (see Vehicle and Traffic Law § 501 [5] [a]

passengers in the vehicle, and they likewise do not remember the accident. There were no other witnesses. Plaintiffs therefore rely primarily upon the affidavit of their expert, Michael D. Reilly II, an engineering consultant specializing in highway and traffic matters and accident reconstruction. Reilly, who based his opinions on a site visit and document review, stated that plaintiff was traveling around a curve to the left when, for unknown reasons, her car departed from the road on the right side, crossed an open shoulder or clear zone that was approximately 18.5 feet wide and then traveled over the edge of an embankment beyond the clear zone, coming to rest against a tree. Reilly opined that the posted speed limit was too high for the road, that signs warning motorists of the curve and advisory signs indicating a lower speed should have been posted, that a guide rail should have been installed to prevent vehicles that left the roadway from traveling across the clear zone and over the edge of the embankment, and that the clear zone itself was too narrow. Finally, he opined that these alleged defects in the design of the highway were a substantial factor in causing the accident and/or aggravating the severity of plaintiff's injuries.

As to the absence of a guide rail, Reilly opined that "recognized standards" and "good and common engineering and road design [principles]" required guide rails at the accident site to redirect vehicles onto the roadway and shield them from the embankment and from trees. He further opined that given the steepness of the embankment, plaintiff's injuries would have been less severe had such guide rails been in place. He did not specify the particular standards on which he relied, nor did he indicate when they became effective (see Donato v County of Schenectady, 156 AD2d 859, 862 [1989]). Moreover, Reilly did not address the fact that the embankment and trees were not located directly beside the roadway, but were instead separated from the edge of the road by an open, level clear zone measuring almost 20 feet wide, beyond stating in conclusory fashion that the clear zone was "too narrow" (compare Ferguson v Sheahan, 71 AD3d at 1209-1210; Popolizio v County of Schenectady, 62 AD3d 1181, 1182

[ii]). She testified that she had never held a driver's license or tried to obtain one.

[2009]; Temple v Chenango County, 228 AD2d at 939-940). Notably, a photograph of the scene taken shortly after the accident appears to show plaintiff's tire tracks leading directly from the road across the clear zone and over the embankment, with no indication of any attempt to turn, brake or otherwise utilize the clear zone. Reilly neither contended that plaintiff tried to utilize the clear zone nor supported his opinion that the clear zone was inadequate by referencing any applicable standards or regulations. Further, he did not provide facts or data pertaining to the nature of the curve or the dynamics of plaintiff's accident indicating that the clear zone provided such inadequate protection that a guide rail was required. He did not opine that any standards requiring a wider clear zone were in effect when the road was constructed or that any major reconstruction project had taken place since its construction that would require compliance with new standards (see Hay v State of New York, 60 AD3d 1190, 1191-1192 [2009]; see also Madden v Town of Greene, 64 AD3d at 1119-1120). Finally, although Reilly's affidavit stated, upon information and belief, that other accidents had occurred on the curve, plaintiffs failed to support this claim with any evidentiary showing of previous accidents that would have given notice of a dangerous condition. Defendant asserted that no accidents had occurred on the curve in the previous five years (see Hay v State of New York, 60 AD3d at 1193; Preston v State of New York, 6 AD3d 835, 836 [2004], lv denied 3 NY3d 601 [2004]). Accordingly, plaintiffs neither made an evidentiary showing that defendant breached a duty to supply a guide rail or wider clear zone, nor showed that such failures proximately caused the accident or plaintiff's injuries.

With regard to the speed limit, Reilly stated that he saw no speed limit signs near the curve and therefore "presumed" that the speed limit on North Harpersfield Road was 55 miles per hour (hereinafter mph). Based upon standards of the American Association of State Highway Transportation Officials, the Manual on Uniform Traffic Control Devices, and unspecified rules and regulations, he opined that the design speed for the road should have been 40 mph and that an advisory sign should have been posted indicating a lower safe speed of 30 mph for the curve. Reilly's affidavit — dated more than three years after the accident — did not state the date of his site visit or whether

the conditions at the time of his visit were the same as at the time of the accident (see Carpenter v J. Giardino, LLC, 81 AD3d 1231, 1233 [2011], lv denied 17 NY3d 710 [2011]).[3] Further, as defendant argues, Vehicle and Traffic Law § 1622 provides that, upon the request of a county's superintendent of highways, the Department of Transportation may establish the maximum speed limit on a county road. In light of this provision, and in the absence of evidence establishing the speed limit on this road and how it was set, there was no showing of a breach of duty by defendant.

As for proximate cause, Reilly stated that the accident "was of a type where speed is often a causal factor," but did not opine that excessive speed caused plaintiff's vehicle to leave the road, and did not offer any opinion as to the speed at which she was attempting to navigate the curve. There was no other evidence, such as a police report or accident reconstruction report, suggesting that excessive speed was a factor. Plaintiff testified that she was very familiar with the road at the site of the accident, had driven on it daily before the accident occurred, and had never before had any difficulty staying on the road. Under these circumstances, nothing but speculation supports the theory that the accident could have been prevented by a lower posted speed limit on the roadway, an advisory sign indicating a lower safe speed on the curve or warning signs advising motorists of the curve (see Hubbard v County of Madison, 93 AD3d 939, 944 [2012], lv denied 19 NY3d 805 [2012]; Donato v County of Schenectady, 156 AD2d at 861). Thus, even if plaintiffs had shown that defendant had breached a duty with regard to the speed limit or warning signs, there was no showing that such a breach was a proximate cause of the accident.

_____

[3] Witness testimony and photographs in the record reveal that a guide rail was installed on the curve at some point after plaintiff's accident; photographs further reveal that the curve is marked with chevron warning signs. Reilly did not state whether the guide rail and chevron signs were in place at the time of his site visit, whether the guide rail would have served to prevent or mitigate plaintiff's accident, or whether other changes were made at the site following the accident.

Plaintiff's amnesia as to the cause of the accident does not excuse her from submitting prima facie proof of proximate cause.  In a proper case, an amnesiac plaintiff may be held to a lesser burden of proof as to proximate cause than a party who is able to provide an account of events (see Cresci v City of New York, 27 AD2d 277, 279 [1967], affd 21 NY2d 932 [1968]; see also Noseworthy v City of New York, 298 NY 76, 78 [1948]).  However, that doctrine is inapplicable where, as here, the defendant has no greater access to the underlying facts than the amnesiac plaintiff (see Lynn v Lynn, 216 AD2d 194, 195 [1995]).  Moreover, even when the doctrine applies, the burden remains on the amnesiac plaintiff to present prima facie proof of the defendant's negligence to permit a jury to base its verdict on evidence rather than speculation (see Smith v Stark, 67 NY2d 693, 694-695 [1986]; Schechter v Klanfer, 28 NY2d 228, 233 [1971]).  This burden may not be satisfied by "inferences as to causation which are based solely upon speculation" (Lynn v Lynn, 216 AD2d at 196; see Donato v County of Schenectady, 156 AD2d at 861-862).  As plaintiffs neither made an evidentiary showing that defendant breached its duty to construct and maintain the road in a safe condition nor that such a breach proximately caused the accident, summary judgment was properly granted to defendant on the ground that plaintiffs failed to establish a cause of action for negligent highway design.

Peters, P.J., McCarthy and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court