HELEN D. LA TOURNERIE, as Administratrix of the Estate of JEAN C. LA TOURNERIE, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31358.) — Appeal by claimant from a judgment of the Court of Claims dismissing the claim after a trial. Claimant's intestate was killed on December 3, 1951, at about 6:45 in the morning in an automobile accident which occurred on State Highway Route 97 at a place called Deer Head Hill. Decedent was driving his car in a northerly direction descending a grade, when his car skidded on a coating of thin ice, struck a bank on the westerly side of the road, bounced back and whirled around throwing decedent out, and finally came to a stop against the bank on the same side of the road. Decedent was alone and the accident was unwitnessed. That it happened in the manner above has been determined from physical indications observed after the accident, and there is no dispute as to that feature of the case. The highway in the area of the accident is macadam pavement twenty-two feet in width with dirt and gravel shoulders ranging from four to six feet in width. A standard reflectorized "Hill" sign existed just south of Deer Head Hill. It appears that on the morning in question there was no ice or icy conditions to the south or to the north of Deer Head Hill. It is not claimed that there was any defect in the highway itself. Neither is it contended on this appeal that any structural condition or any condition created by the State, or for which the State is responsible, caused the ice to form in the highway in that area or caused water or moisture to be upon the highway. It appears that the ice formed from the condensation and freezing of fog which prevailed on Deer Head Hill during the night. There was no ice in that location at approximately one o'clock in the morning, some five or six hours before the accident. Under these circumstances, it is clear that the State was not responsible for the fog, or the ice resulting therefrom, and was powerless to do anything to prevent its occurrence. Liability of the State is here claimed by appellant to be predicated upon the failure to post signs warning of the condition and failure to sand the area after notice of the condition. The Court of Claims has found "This ice condition by reason of fog never existed previous to December 3, 1951". While there is some conflict, the evidence in the record justifies such a finding. The brief period of time during which this condition, due to unusual climatic conditions, had existed was not sufficient to constitute constructive notice to the State which imposed negligence for failure to sand. This is especially true when icy conditions do not prevail elsewhere. The mere presence of ice on the highway in the wintertime, and the mere fact that a vehicle skidded thereon, do not constitute negligence on the part of the State. (*Quigley* v. *State of New York*, 281 App. Div. 185, affd. 308 N. Y. 846.) We think the record sustains the findings of the Court of Claims and justifies the court's refusal to find and failure to find certain requested findings. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.