■ Robert W. Tromblee et al., Appellants, v State of New York, Respondent. (Claim No. 54744.)—Appeal from a judgment entered December 19, 1973, upon a decision of the Court of Claims. Claimants, husband and wife, instituted this action against the State following an automobile accident which happened around 6:00 P.M. on January 15, 1972 in the Village of Port Henry, New York. During a snowstorm, the claimant Robert W. Tromblee was operating his vehicle in a westerly direction up a grade known as Convent Hill on New York State Routes 9N and 22 when an automobile descending the same hill in the opposite direction failed to negotiate a curve and slid across the highway striking the Tromblee vehicle. It had started to snow sometime between 2:00 and 3:00 P.M. that afternoon and the roadway had not been plowed or sanded prior to this occurrence, although a Department of Transportation truck did arrive soon thereafter.

At a bifurcated trial on the issue of liability, the Court of Claims found that the State had acted with reasonable promptness to rectify the slippery condition of the highway after it received notice thereof. Accordingly, the negligence theory advanced by claimants was rejected and their claim was dismissed. Although the responsible maintenance foreman of the State testified he was aware that Convent Hill would need some attention, his statement plainly assumed that the storm would continue and produce a slippery accumulation of snow at that location. Yet, it was not until 4:30 P.M. that conditions at the accident site had worsened to the point where a Port Henry policeman notified the State Police that Convent Hill had become slippery. This information was relayed to the foreman who then assembled his crew, picked up a load of sand, and arrived at the scene shortly after 6:00 P.M. as hereinbefore mentioned. Claimants' arguments that this response was inadequate and that motorists were not sufficiently warned of the existing danger are unpersuasive. We agree with the factual determination of the Court of Claims that the State acted in a reasonable manner under the circumstances presented. Convent Hill was signed for descending traffic and the prevailing weather conditions were enough to alert travelers of the need for even greater caution. There was no showing that the hill was any more hazardous at that time than alternate routes in the vicinity and the contention that the State should have closed that section of road rings somewhat hollow in light of Robert Tromblee's election to travel on it. In cases such as this, the pertinent question is not whether snow or ice has been permitted to accumulate on the highway, but whether the State has exercised reasonable diligence to cure the situation *(Cohen v City of New York,* 204 NY 424; *La Tournerie v State of New York,* 1 AD2d 734; *Quigley v State of New York,* 281 App Div 185, affd 308 NY 846). Here, a truck arrived within 1½ to 2 hours after the State was notified that a slippery condition existed. Even if the State had stored sand on its truck ready for immediate use, the wisdom of which was disputed, there is no reason to believe that its response would have been appreciably shortened for it still would have been necessary to assemble a crew. Furthermore, there is no way of knowing that Convent Hill would always command priority attention during or after each snowstorm. What constitutes reasonable diligence in reacting to a particular condition on a particular highway depends, of course, upon the circumstances of each case (cf. *Citta v State of New York,* 35 AD2d 288). We are satisfied that here the State undertook the indicated countermeasures within a reasonable time. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.