■ In the Matter of the Claim of BRIAN W. ROUSE, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62386.) — Judgment unanimously affirmed, without costs. Memorandum: The State appeals from a judgment of the Court of Claims that it was negligent for failing to remove stone and gravel from the side of a section of an interstate highway where claimant was injured while riding his motorcycle. Since the State created the hazardous condition by placing the stone and gravel on the highway two weeks prior to the accident, claimant was not required to establish notice as a prerequisite for recovery (see *Muszynski v City of Buffalo,* 29 NY2d 810, affg on opn below 33 AD2d 648). There is ample support in the record for the trial court's findings that the State was negligent, and that such negligence was the proximate cause of claimant's injuries. (Appeal from judgment of Court of Claims, Moriarty, J. — negligence.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ CHASE MANHATTAN BANK, N. A., Respondent, v ONEIDA NATIONAL BANK AND TRUST COMPANY, Appellant. — Order and judgment unanimously affirmed, without costs, for reasons stated in the memorandum decision at Special Term, Lynch, J. (Appeal from order and judgment of Supreme Court, Onondaga County, Lynch, J. — summary judgment.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ JANE A. MORGAN et al., Respondents, v COUNTY OF ONONDAGA et al., Appellants. — Order unanimously affirmed, with costs. (Appeal from order of Supreme Court, Onondaga County, McLaughlin, J. — discovery.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ JUDY KLEINHANS, Respondent, v DAVID SALISBURY, Appellant. — Order unanimously affirmed, with costs, for reasons stated at Special Term, Lynch, J. (Appeal from order of Supreme Court, Onondaga County, Lynch, J. — summary judgment.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ In the Matter of DONALD A. PERRY et al., on Behalf of Themselves and All Other Real Property Owners in the County of Niagara Similarly Situated, Appellants, v HOWARD MALCOLM, as Town Assessor of the Town of Hartland, et al., Respondents. — Judgment unanimously affirmed, with costs. Memorandum: Special Term properly dismissed the petition in this CPLR article 78 proceeding brought to invalidate the assessment rolls of all 12 towns in Niagara County. In substance, the petitioners allege that agricultural lands are substantially overassessed because the assessments fail to take into account soil surveys prepared by the United States Department of Agriculture and the agricultural values per acre determined by the State Board of Equalization and Assessment pursuant to section 304-a of the Agriculture and Markets Law. Since petitioners do not allege that the county legislature has established an agricultural district and that they have applied for "agricultural value assessments", the assessors were not required to adopt the agricultural values certified by the State board (see Agriculture and Markets Law, §§ 303, 304-a, 305). Absent an assertion of want of jurisdiction or some basic illegality as distinguished from errors in judgment on questions of fact or law, petitioners' sole remedy is by way of a proceeding pursuant to article 7 of the Real Property Tax Law (*Samuels v Town of Clarkson,* 91 AD2d 836; *People ex rel. Kendall v Feitner,* 51 App Div 196; cf. *Matter of Dudley v Kerwick,* 52 NY2d 542, 549). (Appeal from judgment of Supreme Court, Niagara County, Sedita, J. — art 78.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.