■ CAROLYN M. FREUND, an Adult Incapable of Adequately Prosecuting Her Claim, by ALFRED L. FREUND, Her Guardian ad Litem, Appellant, v STATE OF NEW YORK, Respondent.— Weiss, J. Appeal from a judgment in favor of the State, entered December 9, 1986, upon a decision of the Court of Claims (Hanifin, J.).

Claimant, with her father appearing as guardian ad litem, commenced this action against the State to recover for serious personal injuries sustained at approximately 11:00 A.M. on January 16, 1981, when the automobile in which she was a passenger collided with a tractor trailer on State Route 17 in the Town of Colchester, Delaware County. With a snowstorm in progress, the accident occurred on a declining straightaway in the westbound lane of Route 17, a four-lane highway maintained by the Department of Transportation (hereinafter DOT). At a bifurcated trial on the issue of liability, claimant essentially predicated her claim of liability on the State's failure to warn of the icy conditions at the accident scene and to take appropriate maintenance measures. There was testimony presented that the driving lane was icy at the time of the accident, with an accumulation of approximately one inch of snow in the passing lane. The Court of Claims determined that the accident was not due to any negligence by the State and dismissed the claim. This appeal ensued.

As a general rule, the State is charged with the responsibility of maintaining its highways in a reasonably safe condition, but is not otherwise an insurer (see, Friedman v State of New

*York,* 67 NY2d 271, 283; *Kissinger v State of New York,* 126 AD2d 139, 141). The presence of snow and ice on Route 17 and the fact that claimant's vehicle skidded out of control do not alone establish negligence against the State *(see, Valentino v State of New York,* 62 AD2d 1086, 1087, *appeal dismissed* 46 NY2d 1072; *La Tournerie v State of New York,* 1 AD2d 734; *Shaw v State of New York,* 56 Misc 2d 857, 859). The pertinent inquiry is whether the State exercised reasonable diligence in maintaining Route 17 under the prevailing circumstances *(see, Tromblee v State of New York,* 52 AD2d 666, 667; *Tetreault v State of New York,* 50 Misc 2d 170, 177). In reviewing the underlying determination, our inquiry is not limited to whether the verdict is against the weight of the evidence, for we may factually assess whether the Court of Claims granted the judgment warranted by the evidence *(see, Cordts v State of New York,* 125 AD2d 746, 749-750; *Arnold v State of New York,* 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723). With these principles in mind, we agree with the determination of the Court of Claims that claimant failed to establish a prima facie case of negligence against the State.

Claimant maintains that the State should have anticipated the icy condition at the accident scene due to the area's accident history and thus was negligent in failing to warn passing motorists by installing an "icy pavement zone" sign. Where the State has actual or constructive notice of a recurrent hazardous condition in a specific area, liability may result for a failure to correct or warn of the condition *(see, Farrell v State of New York,* 46 AD2d 697, 698; *Citta v State of New York,* 35 AD2d 288, 290). The record establishes that in 1978 or 1979, following an assessment of the site's accident history, the State "grooved" a 0.8-mile segment of Route 17 encompassing the accident scene to essentially improve the traction on the highway surface. As the Court of Claims astutely observed, however, claimant failed to establish whether the highway was "grooved" prior to the accident history relied upon by claimant. Significantly, a further study completed in 1980 did not identify the relevant segment of Route 17 as an area of concern. As such, the court could reasonably deduce that the grooving was an appropriate response to any perceived problems in this area. Moreover, the State's expert opined that the prevailing accident history did not demonstrate any need for an "icy pavement" sign in the westbound lane within the vicinity of the accident. Nor did claimant's witnesses convincingly establish that the icy conditions in the subject area posed a recurrent problem *(see,*

*Quigley v State of New York* 281 App Div 185, 189, *affd* 308 NY 846). On the evidence presented, the Court of Claims could readily conclude that a chronic icy condition did not exist at the accident site.

Claimant also maintains that the State was negligent in failing to sand the accident site despite a clear opportunity to do so. The record establishes that the site was not sanded prior to the accident. Nonetheless, we agree with the factual determination of the Court of Claims that the State's maintenance procedures were reasonably conducted under the prevailing weather conditions. DOT maintained this section of Route 17 from its East Branch station, which was located approximately 11 miles west of the Sullivan County-Delaware County line and 10 miles west of the accident site. Two DOT trucks loaded with a combination of salt and cinders proceeded east on Route 17 at approximately 6:00 A.M. to a crossover near the county line and then west back to its East Branch station, completing the runs well before the accident. Both drivers employed a system of spot sanding, covering only the areas that appeared to be slippery. While a DOT operational guideline suggested that abrasives be applied to potential problem areas, DOT's standard practice of sanding only where slippery conditions actually existed does not establish negligence *(see, Boyd v State of New York,* 103 AD2d 882, 883). At this juncture, only a light snow had fallen and both drivers indicated that spot spreading was employed on the icy areas. The Court of Claims could reasonably infer that the accident site was not icy at this time, particularly since the storm was not widespread and other witnesses testified that the storm intensified later in the morning. Thus, the initial decision to spot spread was a reasonable exercise of discretion *(see, supra).*

Claimant further attributes the State's failure to timely sand the accident site to the breakdown of the loader at the East Branch station shortly after 6:00 A.M., and the failure to provide back-up equipment or employ a more effective contingency plan. After the loader breakdown, DOT drivers were directed to another DOT station in the Village of Hancock, which was located 12 miles west of the East Branch station. Claimant reasons that the delay occasioned by this extra distance prevented a timely sanding of the accident site. Again, we agree with the Court of Claims that the State's response was not unreasonable. The loader was not shown to be improperly maintained and we perceive no obligation on the State's part to retain back-up equipment on site. Further, the State is not obligated to employ a constant vigilance over

its highway network, but only to pursue reasonably plausible measures *(Shaw v State of New York,* 56 Misc 2d 857, 859, *supra; Tetreault v State of New York,* 50 Misc 2d 170, 177, *supra).* The contingency option of utilizing the Hancock facility satisfied this standard. Nor, for that matter, did claimant establish that any dereliction on the part of the maintenance crew precluded a proper response to the storm. Considering the evidence in its entirety, we agree that the State acted with reasonable diligence in maintaining Route 17 under the prevailing weather conditions.

Moreover, as the Court of Claims observed, given the high rate of speed at which the vehicle in which claimant was a passenger was traveling, it is highly questionable whether sanding the accident site would have prevented this tragic accident *(see, Boyd v State of New York,* 103 AD2d 882, 883, *supra; Desnoes v State of New York,* 100 AD2d 712, 713). It must be emphasized that the sanding of highways during an ongoing storm is an emergency measure only *(Porcaro v State of New York,* 16 AD2d 1020, *affd* 13 NY2d 655). Motorists remain obligated to proceed with due caution when confronted with the hazards of winter driving. In the final analysis, given the weather situation, it is clear that the proximate cause of this accident was the speed and manner in which the vehicle in which claimant was a passenger was being driven.

Claimant's remaining arguments are unavailing. Even assuming that claimant proved she suffered amnesia as a result of this accident and that a lesser burden of proof pertains *(see, Schechter v Klanfer,* 28 NY2d 228), claimant still failed to establish a prima facie case of negligence against the State *(see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 333-334). Finally, we perceive no abuse of discretion in the exclusion by the Court of Claims of certain evidence pertaining to the program utilized in Sullivan County for maintaining Route 17 *(see,* Richardson, Evidence § 147, at 117 [Prince 10th ed]).

Judgment affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.