■ TRACEY D'ALESSIO, Respondent, v STATE OF NEW YORK, Appellant.—Mikoll, J. Appeal from a judgment in favor of claimant, entered April 21, 1988, upon a decision of the Court of Claims (Lyons, J.).

The issue herein is whether a preponderance of the evi-

dence supports the finding by the Court of Claims that the State breached its duty to exercise reasonable care in the maintenance of State Route 212 at its intersection with Fish Creek Road, and whether the breach was a proximate cause of the accident. We hold that it does.

Claimant was injured as a result of a one-vehicle accident occurring on July 7, 1984 when the van she was driving east on Route 212 in the vicinity of Fish Creek Road hydroplaned over the accumulation of water at the intersection, skidded to the other side of the road, hit a guardrail and flipped over into a ditch. Claimant sustained a fractured rib, cuts on her head and leg, and a permanent 1½-inch-by-½-inch scar on her leg. She was incapacitated for eight weeks and then slowly recovered. Judgment was entered in her favor in the sum of $15,075.

It was the State's contention that the flooding was caused by a small dam constructed by James Barbour so as to keep the level of a pond located on his property, fed by a natural stream, high. The State claimed that during heavy rains the water from the pond would bound over the dam, miss the culvert constructed to carry it under Route 212 and flow onto the highway, accumulating there. The State contends that it took adequate measures to correct the situation by removing the dam, widening the ditch and by the placement of culverts to carry water under Route 212.

The testimony of witnesses living in the area contradicted the State's contention. They testified that the accumulation of water on Route 212, which occurred after heavy rains, remained the same for the five years before the accident. Despite the State's work in the area, the condition of accumulating waters after heavy rains was not alleviated. The accumulation of water came from several sources: it flowed down the steep incline of Fish Creek Road, it was aggravated when a new driveway was put in on a property on Fish Creek Road, and it came also from the overflow from the pond on Barbour's property. Barbour testified that the small dam he constructed to hold back the waters in his pond did not cause the water to flow onto the highway, but rather allowed the water to enter the culvert more slowly and prevented debris from plugging the culvert. It was the inability of the culvert to take water flow after a heavy rain that caused waters from his property to flow onto the highway.

The State owes a nondelegable duty to the public to maintain its roads in a reasonably safe condition (see, *Weiss v Fote,*

7 NY2d 579, 584). Liability may attach when the State has actual or constructive notice of a dangerous condition and fails to take appropriate remedial action *(Freund v State of New York,* 137 AD2d 908, 909, *lv denied* 72 NY2d 802). The evidence indicates that the State was aware of or, in the exercise of reasonable care, should have been aware of the continuing water accumulation. No flares or warning signs were used on July 7, 1984 to warn claimant of the dangerous condition. The instant recurring condition was long lasting. The State knew about the condition and the danger it posed. It failed to make an adequate study to ascertain the causes of the danger and what could be done to remedy it. It thus violated its duty of care. It also failed to warn users of the highway of the dangers by the posting of appropriate signs. The State's failure to act was the proximate cause of claimant's accident and her injuries, and the judgment in her favor should be affirmed.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.