■ CAROL A. SLAUGHTER, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. [656 NYS2d 471] —Carpinello, J. Cross appeals from a judgment of the Court of Claims (Hanifan, J.), entered October 24, 1995, upon a decision of the court in favor of claimant.

The issue in this case is whether a preponderance of the evidence supports the finding by the Court of Claims that the State breached its duty to exercise reasonable care in the maintenance of State Route 414 in the Town of Catlin, Chemung County. At approximately 9:45 P.M. on January 30, 1991, claimant was seriously injured when her vehicle "fishtailed" as she was traveling south on Route 414 and collided with a northbound Department of Transportation (hereinafter DOT) sander operated by Darrell Bish. Following a bifurcated trial on the issue of liability, the Court of Claims determined that the State was negligent and apportioned it 60% of the liability for claimant's accident. Following the damages portion of the trial, the State was ordered to pay claimant $388,247. The State appeals and claimant cross-appeals.

The State's primary contention on appeal is that the record does not support the Court of Claims' imposition of liability against it. Primarily, the State argues that it had neither actual nor constructive notice of the icy condition of Route 414 within a sufficient time prior to the accident and, consequently, cannot be held liable for claimant's injuries. The alleged negligence of the State is based on its failure to sand this road after having received actual and/or constructive notice of its icy conditions over three hours before claimant's accident.

Whether the State received such notice and thereafter unreasonably delayed before remedying the condition is a factual issue. Admittedly, "[t]he presence of * * * ice on Route [414] and the fact that claimant's vehicle skidded out of control do not alone establish negligence against the State" (*Freund v State of New York*, 137 AD2d 908, 909, *lv denied* 72 NY2d 802 [citations omitted]; *see, Fiege v State of New York*, 189 AD2d 748, 749; *Valentino v State of New York*, 62 AD2d 1086, 1087, *appeal dismissed* 46 NY2d 1072). Rather, the germane inquiry is whether the State exercised reasonable diligence in maintaining Route 414 under the prevailing circumstances (*see, Freund v State of New York, supra*, at 909; *Valentino v State of New York, supra; Tromblee v State of New York*, 52 AD2d 666, 667). "What constitutes reasonable diligence in reacting to a particular condition on a particular highway depends, of course, upon the circumstances of each case" (*Tromblee v State of New York, supra*, at 667; *see, Citta v State of New York*, 35 AD2d 288).

Although this Court has the authority to reverse the Court of Claims and render a judgment based upon its own review of the record, we are particularly reluctant to do so where, as here, its findings are based primarily upon credibility issues (*see, De Luke v State of New York*, 169 AD2d 916, 917). After assessing the conflicting facts in this case for the purpose of determining whether the judgment is warranted by the evidence (*see, Freund v State of New York, supra*, at 909) and giving due deference to the decision of the Court of Claims (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499), we find no basis to disturb that court's conclusion that the State was negligent.

It was established at trial, through the testimony of three individuals who lived along Route 414 in the immediate vicinity of the accident site (*compare, D'Alessio v State of New York*, 147 AD2d 791), that there was freezing rain and sleet in that area as early as 4:30 P.M. on the day of the accident. David Keyes testified that it was sleeting between 4:30 P.M. and 5:00 P.M. when he arrived home from work that day. He further testified that between 6:00 P.M. and 6:30 P.M. it continued to sleet and snow and that the weather "was bad". Tammy Keyes similarly testified that it was sleeting outside and that Route 414 was slick and slippery between 6:00 P.M. and 6:30 P.M. when she and her husband went out. Sandra Gee testified that she heard "freezing rain" hitting her windows between 6:00 P.M. and 7:00 P.M. According to Gee, at this time "[t]he roads were icy".

Although neither Gee nor the Keyes informed DOT or the State Police that Route 414 was slippery between 4:30 P.M. and 7:00 P.M., there is evidence that DOT was aware of or, in the exercise of reasonable care, should have been aware of the icy condition of the road by virtue of the fact that a DOT employee, Vincent Putney, patrolled it at or around 6:35 P.M. on January 30, 1991. Although Putney allegedly reported to the Coopers Plains DOT shop (the shop responsible for maintaining Route 414 in Chemung County) that the road was "ok" at 6:35 P.M. and a notation to this end was made in the shop's operating log, the Court of Claims could properly discount this notation since it was directly contradicted by the testimony of these three disinterested witnesses (*see, e.g., D'Alessio v State of New York, supra; Rooney v State of New York*, 111 AD2d 159, 160).

In view of these witnesses' testimony and in light of the fact that Putney traversed this road on or around 6:35 P.M., we find that claimant established that the State should have been

aware as of 6:35 P.M. that the condition of Route 414 had become sufficiently hazardous to require that it be sanded and salted (*cf., Valentino v State of New York, supra*, at 1087 [uncontradicted testimony concerning road condition prior to accident established that there was no ice on bridge]). Put another way, given the uncontradicted evidence that Putney drove along Route 414 around 6:35 P.M. at a time when the road was proven by claimant to have been icy, the State had constructive if not actual notice of the dangerous condition of the road as of this time.

Claimant's accident occurred at 9:45 P.M.—over three hours after the State was on notice of the icy condition (*see, Citta v State of New York*, 35 AD2d 288, *supra* [2$^1$/$_2$ to 4-hour delay in sanding following notice of icy condition constituted negligence]). We note that Bish, the DOT employee responsible on January 30, 1991 for sanding and salting the 32-mile "beat" which included Route 414 in Chemung County, had been at the shop since 2:40 P.M. with a fully loaded sander (*cf., Yusko v State of New York*, Court of Claims, Sept. 3, 1993, Lyons, J.) and that other Coopers Plains sanders had been dispatched during the late afternoon and evening hours in response to this region-wide storm.* Given all these facts, we do not find that the State's response time in this case was reasonable under the circumstances and the delay in sanding constituted negligence (*see, Citta v State of New York, supra*).

Turning to claimant's cross appeal, we reject her contention that the Court of Claims erred in apportioning her 40% liable for the accident. The testimony at trial clearly revealed that claimant was well aware of the freezing rain and conditions of the roads that night. Having herself slipped on ice less than one hour prior to the accident and experienced reduced tire traction as she proceeded home on the slippery roads, we find no basis to disturb the Court of Claims' conclusion that claimant was operating at an unsafe speed as she approached the curve where the accident took place and is, therefore, partially responsible for the accident.

We have reviewed the parties' remaining contentions and reject them as unpersuasive.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Although not entirely dispositive, the absence or presence of icy conditions "elsewhere" is relevant (*La Tournerie v State of New York*, 1 AD2d 734).