■ JEANNE L. JOHNSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 93001.) [696 NYS2d 286] —Mugglin, J. Appeal from a judgment of the Court of Claims (McNamara, J.), entered June 25, 1998, upon a decision of the court in favor of the State.

Claimant seeks to recover damages for personal injuries sustained when she lost control of her vehicle on a patch of ice on State Route 209 in Ulster County. She alleged that the State created the dangerous condition and failed to take remedial action. The Court of Claims determined that the State did create the condition which caused the ice to form, but that the State's maintenance practice was reasonable in responding to the condition and, therefore, the State was not negligent. Claimant appeals from the dismissal of the claim.

We affirm. The two relevant inquiries are whether the State created the condition or had notice of it for a sufficiently long period of time to have corrected it, and if this is established, whether the State's maintenance practice was reasonable in responding to the condition which caused claimant to lose control of her vehicle.

"Although this Court has the authority to reverse the Court of Claims and render a judgment based upon its own view of the record, we are particularly reluctant to do so where, as here, its findings are based primarily upon credibility issues (see, De Luke v State of New York, 169 AD2d 916, 917)" (Slaughter v State of New York, 238 AD2d 770, 771). The Court of Claims below made its determination that the State created the condition after hearing conflicting testimony and assessing the credibility of both lay and expert witnesses. We find no compelling reason to reverse that finding.

Therefore, the relevant inquiry is whether the State exercised reasonable diligence in maintaining the highway under the prevailing circumstances of the particular case (see, Slaughter v State of New York, supra). The mere presence of a patch of ice and the fact that claimant lost control of her vehicle do not

establish, without more, that the State was negligent (*see, Freund v State of New York*, 137 AD2d 908, 909, *lv denied* 72 NY2d 802).

As found by the Court of Claims, the evidence establishes that the State's maintenance practice was reasonable in responding to the condition which caused claimant to lose control of the vehicle. The record establishes that the State repaired the pipe to correct the seepage problem and maintained the ditches to insure drainage. Daily inspections revealed no recurrence of the problem. The State maintained a routine snow and ice patrol and the record contains evidence that several hours prior to the accident, the State road crew conducted a 37-mile snow and ice patrol which included the highway in question, during which it spread salt on problem areas. The crew reported no problems which required salt on this highway. "Further, the State is not obligated to employ a constant vigilance over its highway network, but only to pursue reasonably plausible measures" (*Freund v State of New York*, supra, at 910-911).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.