■ GEORGE FISHER, JR., et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 91482.) [702 NYS2d 418] —Cardona, P. J. Appeal from a judgment of the Court of Claims (King, J.), entered November 25, 1998, upon a decision of the court following a bifurcated trial in favor of claimants on the issue of liability.

On March 6, 1995 at approximately 7:20 P.M., claimant George Fisher, Jr. and his family were involved in an automobile accident while traveling on United States Route 4 in the

Town of East Greenbush, Rensselaer County, en route to a Wal-Mart store located in Rensselaer County Plaza (hereinafter the plaza). Fisher was driving in the northbound lane behind a black car which he followed into a left-turning lane leading to an entrance to the plaza. A white left-turn arrow was painted on the pavement in the turning lane in the vicinity of the entrance. The entrance consisted of two exit lanes and two entrance lanes divided by a median. With Fisher following behind, the black car turned left into the plaza at the location of the white left-turn arrow, but mistakenly began to enter the exit lane closest to the median. Upon realizing the error, the driver was able to maneuver the vehicle into the proper entrance lane. Fisher, however, was unable to successfully return his vehicle to the left turning lane and was struck by oncoming traffic.

Thereafter, claimants commenced this action alleging, *inter alia*, that the State was negligent in failing to adequately provide for and inspect the road markings on Route 4 that signal the entrance to the plaza. Specifically, claimants asserted that the white arrow painted in the left-turn lane of the northbound side of Route 4 improperly directed traffic into an exit lane of the plaza. Following joinder of issue, a bifurcated trial was held and the Court of Claims found that the State's placement of the arrow was confusing and a proximate cause of the accident, apportioning liability 50% to the State and 50% to claimants. An interlocutory judgment was entered and this appeal by the State ensued.

We affirm. Initially, it is well settled that the State has a duty to keep its highways in a reasonably safe condition (*see, Friedman v State of New York*, 67 NY2d 271, 283-284; *Montgomery v State of New York*, 206 AD2d 737, 739). While the State enjoys qualified immunity with respect to matters involving traffic design engineering, it may be found negligent when the highway planning decision at issue evolved without adequate study or lacked a reasonable basis (*see, Friedman v State of New York, supra*, at 284; *Zecca v State of New York*, 247 AD2d 776, 777). Moreover, where the State undertakes to erect warning signs, "they must be reasonably adequate for the intended purpose" (*Hicks v State of New York*, 4 NY2d 1, 7). The Manual of Uniform Traffic Control Devices (hereinafter MUTCD; 17 NYCRR ch V) sets forth standards for evaluating the reasonableness of the State's decisions as to the placement of road markings, such as the white arrow at issue here (*see, Zecca v State of New York, supra*, at 777-778; *Peckham v State of New York*, 54 AD2d 599).

In the case at hand, aerial photographs of the accident site clearly depict the white arrow which claimant stated he observed in the left-turning lane directing traffic into the entrance to the plaza. This arrow is positioned just past the solid yellow line dividing north and southbound traffic and directly across from the two lanes exiting the plaza. The location of this arrow is confusing particularly to a driver unfamiliar with the entrance especially after dark. Mark Kennedy, a Department of Transportation civil engineer who reviewed work permits for the highway construction in front of the plaza, testified that there are no provisions in the MUTCD which approve or recommend the manner in which such a white arrow is positioned. He further stated that extension markings, i.e., broken lines, which are used to provide guidance through intersections and exchanges, were not present at the location of the accident.

We note that the MUTCD requires that traffic control devices "convey a clear, simple meaning" and "give adequate time for proper response" (17 NYCRR 200.1 [e] [1]). It further provides that they "should be properly positioned with respect to the point, object, or situation to which they apply to aid in conveying the proper meaning" and that "[g]ood location * * * should allow a driver traveling at normal speed adequate time to make the correct response" (17 NYCRR 200.1 [e] [2] [ii]). The foregoing evidence, as well as Fisher's testimony regarding the manner in which the accident occurred, provide ample support for the conclusion that the positioning of the white arrow violated these standards. Consequently, we find no basis for disturbing the Court of Claims' finding with respect to the State's negligence.

Likewise, we reject the State's claim that its negligence was not a proximate cause of the accident. Fisher testified that he observed the white arrow directing traffic into the entrance of the plaza prior to making the turn. As the photographs indicate, the arrow was located beyond the yellow dividing line directly across from the exit lanes in a manner likely to confuse drivers seeking to enter the plaza especially at night. While Fisher testified that he followed the black car ahead of him into the plaza and did not see oncoming traffic until his car was struck, this testimony does not establish that his negligence was the sole cause of the accident. To the contrary, the evidence supports the Court of Claims' finding that the State's negligence was a proximate cause of the accident. Inasmuch as our recent decision in *Hersman v Hadley* (235 AD2d 714, *lv denied* 90 NY2d 802) is factually distinguishable from the case at hand, the State's reliance upon it is misplaced.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.