■ CLOVER M. BARRETT, as Guardian for JAMES A. BARRETT, JR., et al., Appellant, v STATE OF NEW YORK et al., Respondents. [787 NYS2d 151]—

Kane, J. Appeals (1) from an order of the Court of Claims (Collins, J.), entered May 14, 2003, which granted defendants' motion for summary judgment dismissing the claim, and (2) from an order of said court, entered October 8, 2003, which denied claimants' motion for leave to renew and/or reargue.

In January 2000, James A. Barrett, Jr., claimant Stephen M. S. Gordon and their cousin were driving north on the Thruway to the City of Albany. The roads were clear and visibility was good when they began their trip. Snow began to fall lightly as they approached the City of Kingston, Ulster County. While snowfall then increased and visibility became poor, their vehicle, nevertheless, passed a snowplow and continued in the passing lane. A few minutes later, blowing snow created a whiteout condition. When the cousin slowed his vehicle in response to the reduced visibility, a tractor-trailer rear-ended his car, injuring Barrett and Gordon.

Claimants commenced this action alleging that defendants negligently failed to warn motorists of the dangerous conditions and failed to close the Thruway due to these conditions. Defendants moved for summary judgment dismissing the claim on several grounds. The Court of Claims granted the motion, finding that, although claimants met their initial burden on the issue of proving that a dangerous condition existed, they failed to proffer admissible evidence proving that defendants had knowledge of any dangerous condition. Additionally, the court held that defendants are cloaked with governmental immunity regarding their discretionary decision not to close the Thruway. Claimants appeal the order granting that motion, as well as the order denying their motion to renew and reargue.

The parties do not dispute that defendants had a duty to maintain the Thruway in a reasonably safe condition, including adequately dealing with the snow and weather conditions as they affected the roadway (*see McDonald v State of New York,*

307 AD2d 687, 688 [2003]; *Betron v State of New York,* 163 AD2d 837 [1990]). Still, in order for liability to attach, defendants must have had actual or constructive notice of the condition, meaning that the alleged dangerous weather condition must have existed for a sufficient period of time to allow defendants to discover and rectify the problem (*see Cohen v A.R. Fuel,* 290 AD2d 640, 642 [2002]). Although the snowplow drivers' logs showed that they noticed heavy snow in the time period leading up to the accident, that condition was being dealt with by constant plowing and salting of the road. There was no proof that defendants had any notice of near-whiteout conditions. While the traffic supervisor's report mentioned that there was heavy snow and near-whiteout conditions at the time of the accident, that report was filed a month after the accident, it was based on hearsay, and nothing in the report indicated that defendants were aware of the conditions prior to the moment of the accident. Notice that the Massachusetts Turnpike Authority placed travel restrictions on its turnpike, located approximately 25 miles from the accident scene, also did not provide defendants with notice of near-whiteout conditions. Those limitations were created based on freezing rain conditions, apparently not present at the accident site, and the weather conditions were certainly different 25 miles away. In fact, Barrett, Gordon and their cousin even admitted that, although it was snowing, visibility was good on the Thruway leading up to the accident site and the whiteout conditions appeared only a few minutes prior to the accident. Consequently, as defendants had notice of heavy snow in the area but had no notice of near-whiteout conditions, liability cannot be imposed for this accident which was caused by severely limited visibility due to the whiteout conditions.

The Court of Claims properly denied claimants' motion to renew, as they failed to provide a justifiable excuse for not providing the meteorologist's affidavit to the court initially (*see* CPLR 2221 [e] [3]; *Carota v Wu,* 284 AD2d 614, 617 [2001]). In any event, the new information addressed the weather conditions in the area of the accident, but failed to prove that defendants had prior notice of whiteout conditions in that area.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.