■ TERESA C. HART, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 1.) MAUREEN HART, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 2.) [840 NYS2d 468]—

Kane, J. Appeals (1) from a judgment of the Court of Claims (Sise, J.), entered March 10, 2006, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability in claim No. 1, and (2) from a judgment of said court, entered March 10, 2006, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability in claim No. 2.

One morning in December 1997, claimant Teresa C. Hart was driving on the Taconic State Parkway with her daughter, claimant Maureen Hart, as a passenger. As the road began to curve near a rock cut area, an area where a rock formation was blasted when the road was originally created, their car slid across the road and into the median, where the car hit a culvert and rolled over twice. Defendant's highway maintenance supervisor, Wayne Shutts, was patrolling the parkway investigating road conditions and saw the accident. Neither of the claimants nor Shutts saw ice on the road, although all three testified that they felt a glaze or black ice in the area where the accident occurred. Claimants separately commenced these

personal injury actions. Following a joint trial on liability, the Court of Claims granted judgment to defendant. Claimants appeal.

We affirm. Icy road conditions and the occurrence of an accident do not establish defendant's liability, unless it is also shown that defendant failed to diligently remedy the dangerous conditions once it was provided with actual or constructive notice (*see Johnson v State of New York*, 265 AD2d 652, 652-653 [1999]; *Freund v State of New York*, 137 AD2d 908, 909 [1988]). Defendant may be held liable for failing to warn of or correct a recurrent hazardous condition of which it has notice (*see Freund v State of New York, supra* at 909). On the other hand, constructive notice is not established through defendant's general awareness that icy conditions may exist (*see Richer v State of New York*, 31 AD3d 943, 944 [2006]).

Here, defendant's knowledge that road temperatures in rock cut areas were one or two degrees lower than pavement in other areas and, thus, may get icy slightly sooner than other areas did not constitute constructive notice that the rock cut area near claimants' accident was icy on the day in question. Shutts testified that the road temperatures that morning were above freezing. While the temperatures decreased slightly, that was a normal occurrence. Defendant's decision to salt or sand is not based solely on temperature, but is also based on overall atmospheric conditions, environmental, budgetary and manpower considerations. Between one and three hours before claimants' accident, defendant's highway maintenance crews inspected the parkway, including the rock cut areas, and found them to be fine (*see Johnson v State of New York, supra* at 653). An ice storm predicted for the prior night did not materialize. Claimants and Shutts testified that there was no precipitation that morning.

Approximately 15 minutes prior to the accident, Shutts was informed that the State Police had called regarding icy conditions on the parkway, and he was separately informed that another car was involved in an accident a few miles from the area where claimants' accident would occur. Shutts dispatched a truck to sand that area of the parkway,* and was himself investigating road conditions on the same stretch of road that claimants were traveling at the time of their accident. After he noticed the slippery condition of the road, he witnessed claimants' accident in his rear-view mirror. Contrary to claimants' assertions, there was no proof that rock cuts "always

---

* Claimants testified that they passed the sand truck on the parkway a few miles before the accident site.

command priority attention" whenever the road temperature reached or dipped below freezing (*Tromblee v State of New York*, 52 AD2d 666, 667 [1976]). Claimants presented no proof of any prior accidents at the site where their vehicle left the roadway. The Court of Claims sensibly concluded that defendant only became aware of the icy conditions a short time prior to claimants' accident and was acting reasonably and diligently to investigate and remedy those conditions (*compare id.* at 667 [defendant acted with reasonable diligence under circumstances where sand truck arrived 1¹/₂ to 2 hours after being notified that a slippery condition existed]).

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgments are affirmed, without costs.