EDWARD G. MARTINDALE, Respondent, v TOWN OF BROWN-VILLE, Appellant. [864 NYS2d 816]—

Appeal from an order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered April 18, 2007 in a personal injury action. The order denied defendant's motion for summary judgment and for costs and disbursements.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted in part and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while riding his motorcycle on a dead-end street. According to plaintiff, he slid into gravel and grass and hit a concrete block upon reaching the end of the street, but he could have avoided doing so had there been a properly placed sign warning that it was a dead-end street. We agree with defendant that Supreme Court erred in denying that part of its motion for summary judgment dismissing the complaint. Defendant met its burden with respect to that part of the motion by establishing as a matter of law that its signage was in compliance with the Manual of Uniform Traffic Control Devices (*see* former 17 NYCRR 233.7 [b] [7]), and that it was not required to post an additional dead-end sign before the end of the road (*cf. Fisher v State of New York*, 268 AD2d 849, 850 [2000]). Plaintiff failed to raise an issue of fact to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We further conclude that, in any event, defendant established as a matter of law that the absence of a sign was not a proximate cause of the accident. Plaintiff also failed to raise an issue of fact with respect to proximate cause inasmuch as the affidavit of his expert is both conclusory and speculative (*see Gern v Basta*, 26 AD3d 807, 808 [2006], *lv denied* 6 NY3d 715 [2006]), and plaintiff's affidavit is self-

serving and also without probative value (*see Long v Cleary,* 273 AD2d 799, 800 [2000], *lv denied* 95 NY2d 763 [2000]). Present—Martoche, J.P., Lunn, Fahey and Pine, JJ.