■ WENDY L. HARJES, Appellant, v STATE OF NEW YORK, Respondent. [896 NYS2d 248]—

. Garry, J. Appeal from a judgment of the Court of Claims (DeBow, J.), entered February 18, 2009, upon a decision of the court in favor of defendant.

During a winter storm in February 2000, claimant was traveling westbound on State Route 213 in the Town of Esopus, Ulster County when an eastbound van lost control on a curve, crossed the center line, and struck her vehicle. Defendant had not salted, plowed, or otherwise treated the roadway's eastbound lane for almost four hours before the accident occurred, and witnesses at the accident scene reported that the roadway was slippery due to slush, compacted snow, ice, or some combination of these. Claimant, who was seriously injured, commenced this action alleging that the accident was caused by defendant's negligence in, among other things, allowing the roadway to become dangerously slippery. After a nonjury trial, the Court of Claims determined that defendant was not liable because it neither created the condition nor had constructive notice of it, and claimant did not establish that the slippery state of the accident site was a recurring condition of which defendant had notice. Claimant appeals.

Our inquiry here "is not limited to whether the verdict is against the weight of the evidence, for we may factually assess whether the Court of Claims granted the judgment warranted by the evidence" (*Freund v State of New York*, 137 AD2d 908, 909 [1988], *lv denied* 72 NY2d 802 [1988]). Further, although we customarily accord deference to the court's opportunity to assess evidence and witness credibility (*see e.g. Cordts v State of New York*, 125 AD2d 746, 750 [1986]), we note that the decision in this case was not issued by the same judge who presided over the trial. However, upon review of the record, we agree with the Court of Claims that claimant did not establish either that defendant had constructive notice of the roadway's slippery condition or that a recurrent hazardous condition existed of which defendant had notice.[1]

Defendant has a nondelegable duty to maintain its roadways in a reasonably safe condition (*see Fisher v State of New York*, 268 AD2d 849, 850 [2000]; *Montgomery v State of New York*, 206 AD2d 737, 739 [1994]), but it is not required to act as an insurer against all accidents (*see Freund v State of New York*, 137 AD2d at 908-909). Negligence is not established by the mere occurrence of an accident on an icy roadway; claimant must also demonstrate "that defendant failed to diligently remedy the dangerous conditions once it was provided with actual or constructive notice" (*Hart v State of New York*, 43 AD3d 524, 525 [2007]) or that it did not correct or warn of a recurrent dangerous condition of which it had notice (*see id.*; *Freund v State of New York*, 137 AD2d at 909). We disagree with claimant's contention that notice was established by defendant's knowledge that a winter storm was in progress in the area. "[C]onstructive notice is not established through defendant's general awareness that icy conditions may exist" (*Hart v State of New York*, 43 AD3d at 525), nor does defendant's knowledge that a winter storm is taking place in the general area establish notice of a specific dangerous condition at the site of an accident (*see e.g. Barrett v State of New York*, 13 AD3d 775, 776 [2004]; *Valentino v State of New York*, 62 AD2d 1086, 1087-1088 [1978], *appeal dismissed* 46 NY2d 1072 [1979]). Contrary to claimant's assertions, *Slaughter v State of New York* (238 AD2d 770, 770-772 [1997]) does not hold otherwise. There, we found that defendant was or should have been aware of dangerous conditions at the site of a highway accident because its employee had patrolled the site several hours before the accident at a time when icy conditions prevailed according to several wit-

---

1. Claimant does not claim on appeal that defendant created or had actual notice of the roadway's condition.

nesses who lived along the roadway "in the immediate vicinity of the accident site" (*id.* at 771). Here, by contrast, there was no witness testimony establishing any icy or slippery conditions at or near the site of claimant's accident at any time before it occurred.

Because of weather forecasts calling for snow and sleet on the day of the accident, a plow operator employed by defendant was called in several hours before his shift ordinarily began. At about midnight, he began treating a "beat" or route that, pursuant to defendant's snow and ice control plan, included State Route 213, as well as another more heavily traveled state highway. He testified that, at first, the roads were lightly dusted with snow, and that he began to notice slush as the night progressed. By 6:00 A.M., he had, among other things, treated both lanes of State Route 213 three times. He applied salt to the roadway each time he treated it and used the plow to clear a light accumulation of snow or slush on one of the first two traverses. On the third and last traverse of State Route 213 before the accident—completed at 6:00 A.M.—the operator applied salt but did not plow because, at that time, the roadway was "only wet." He did not revisit the accident site or treat State Route 213 again before the accident occurred at about 8:45 A.M. No other witness testimony or other evidence was provided as to conditions at the accident site between 6:00 A.M. and the time of the accident. By that time, witnesses agreed that the road surface on the curve where the accident occurred had become slippery (although they disagreed in their particular descriptions).[2] Although these conditions clearly formed at some time between 6:00 A.M. and the time of the accident, there was no evidence that the conditions had "existed for a sufficient period of time to allow defendant[ ] to discover and rectify the problem" (*Barrett v State of New York*, 13 AD3d at 776). Further, the fact that the plow operator did not see a supervisor patrolling his "beat" before the accident occurred does not establish either that inadequate patrolling occurred or that it caused defendant to fail to discover a condition that would otherwise have been remedied; defendant "is not obligated to employ a constant vigilance over its highway network, but only to pursue reasonably plausible measures" (*Freund v State of New York*, 137 AD2d at 910-911). Thus, constructive notice was not established (*see Hart v State of New York*, 43 AD3d at 525-526; *Barrett v State of New York*, 13 AD3d at 776).

---

**2.** As described by an investigating State Trooper, the road was wet and slushy, while as described by a passenger in the van, it was covered by "a sheet of ice."

Further, claimant did not establish that the accident was caused by a recurrent hazardous condition of which defendant had notice. Although claimant's expert opined that cold water flowing from a roadside rock cut and under State Route 213 through a culvert would have caused the area where the accident occurred to freeze before the rest of the roadway, there was no evidence that icy or slippery conditions had, in fact, previously recurred at the site or that defendant had any notice of such a recurring condition (*see Hart v State of New York*, 43 AD3d at 525; *Freund v State of New York*, 137 AD2d at 909-910; *cf. Farrell v State of New York*, 46 AD2d 697, 698 [1974]; *Wydysh v State of New York*, Ct Cl, Sept. 29, 2003, Midey Jr., J., claim No. 91169, UID No. 2003-009-121). Accordingly, the Court of Claims correctly determined that defendant was not liable.

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.