■ EDDIE MALDONADO, JR., et al., Respondents, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. [926 NYS2d 756]—

Rose, J.

Claimant Eddie Maldonado, Jr. and his wife, derivatively, commenced this action to recover for injuries he sustained after falling from his motorcycle as he approached a toll booth at exit 18 of the New York State Thruway. The pavement leading to the toll booth had been milled—but not repaved—as part of ongoing construction on the Thruway. Claimants alleged that the motorcycle slipped out from under Maldonado because of pebble-like milling debris that had been left in the area as a result of the incomplete milling project. After a trial on the issue of liability only, the Court of Claims found in claimants' favor, entered an interlocutory judgment of liability against defendant and thereafter denied defendant's motion to set aside its decision and judgment. Defendant appeals from the judgment and the order denying its motion, contending that claimants failed to prove that defendant created the allegedly dangerous condition or had notice of it. Giving due deference, however, to the Court of Claims' assessment of the evidence and the credibility of the witnesses, we find no basis to disturb its findings.

There is no dispute that, 14 days prior to the accident, an inch and a half of pavement had been milled in the area in question, leaving the pavement in a rough, milled condition. Significantly, a representative of defendant's general contractor acknowledged that the debris on the pavement in the toll plaza area had not been cleaned between the time of the milling and the accident. Defendant's Assistant Traffic Safety Supervisor

testified that it is normal and customary to sweep milled pavement clean of milling debris but that, when she saw the area soon after the accident, loose stones and debris were present. Claimants' expert concluded in his report, entered into evidence, that the pavement was rough due to the milling operation and that the milling operation left loose gravel and ruts. The expert testified that the accident was caused in part by the failure to remove debris from the area after milling, which resulted in a dangerous condition for two-wheel vehicles. Defendant's own expert also acknowledged in his testimony that the milled condition of the area would include loose gravel, rocks and stone. The photographs entered into evidence at trial, some of which were taken immediately after the accident, graphically confirm the existence of an excessive amount of loose debris on the milled pavement in front of the exit 18 toll booths.

Based on our independent review of the weight of this evidence (*see Bush v State of New York*, 57 AD3d 1066, 1066 [2008]; *Grover v State of New York*, 294 AD2d 690, 691 [2002]), we must conclude that there is ample support for the Court of Claims' finding that defendant breached its nondelegable duty to keep the highway in a reasonably safe condition by allowing loose milling debris to remain on the roadway after the milling operation (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Matter of Rouse v State of New York*, 97 AD2d 962 [1983]; *Green v State of New York*, 71 AD2d 761 [1979]; *see also McKee v State of New York*, 75 AD3d 893, 895-896 [2010]). As the evidence supports the finding by the Court of Claims that defendant, through its agent, created this concededly dangerous condition, claimants were not required to establish notice (*see Cordts v State of New York*, 125 AD2d 746, 748 [1986]; *Rouse v State of New York*, 97 AD2d at 962).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment and order are affirmed, without costs.