# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**781**

**CA 14-02213**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

DANIEL V. GALLAWAY, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF NORTH COLLINS, TOWN OF NORTH COLLINS
HIGHWAY DEPARTMENT, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER,
UNIONDALE (MICHAEL T. REAGAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (PETER SNODGRASS OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered September 18, 2014. The order, among other things, denied in part the motion of defendants Town of North Collins and Town of North Collins Highway Department for summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendants Town of North Collins and Town of North Collins Highway Department is granted in its entirety, and the complaint against them is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his motorcycle collided with a vehicle on a road owned by Town of North Collins and maintained by Town of North Collins Highway Department (collectively, defendants). We agree with defendants that Supreme Court erred in refusing to grant in its entirety their motion seeking summary judgment dismissing the complaint against them.

It is undisputed that plaintiff was traveling southbound on Boston Road, i.e., downhill, and that the other driver was traveling northbound when the collision occurred at a curve in the roadway. Each driver testified at his deposition that he was in his own lane of travel at the time of the collision. Defendants established with the affidavit of their expert that the signs warning of the curve and advising a lesser speed complied with the requirements of the Manual of Uniform Traffic Control Devices (MUTCD) (*see* 17 NYCRR 2C.05; 2C.08; *Martindale v Town of Brownville*, 55 AD3d 1387, 1387, *lv denied* 11 NY3d 715; *Cannarozzo v County of Livingston*, 13 AD3d 1180, 1181).

Defendants also established that there is no requirement or recommendation that they apply a center line marking on the roadway. Instead, the MUTCD provides that short sections of roadway without a continuous center line marking "may" be marked to control the position of traffic at specific locations, such as around curves (17 NYCRR 3B.01).  The affidavits of plaintiff's experts, who averred that defendants failed to mark the center line of the roadway, without establishing that they were required to do so, are insufficient to raise an issue of fact whether defendants were negligent in failing to mark the center line of the roadway in the area of the collision (*see Jones v County of Niagara*, 15 AD3d 1002, 1003-1004).

Plaintiff also alleged that defendants were negligent by failing to clear loose stone from the roadway after oil and stone was applied as part of the regular maintenance of the roadway.  We note that plaintiff testified at his deposition that he had observed gravel on the road earlier in the day as a result of the shoulder having been "washed out" by recent rain, which he explained was a common occurrence, and that he therefore stayed close to the center of the road to avoid the gravel.  Plaintiff testified, however, that he maintained full control of his motorcycle and did not slide or skid on loose gravel.  Defendants established that oil and stone was applied in an area north of the accident site and that there was no debris or excess stone in that area.  It is undisputed that defendants had not received written notice of an alleged dangerous condition of the roadway.  Thus, defendants cannot be liable for the alleged dangerous condition unless they affirmatively created the dangerous condition (*see Hume v Town of Jerusalem*, 114 AD3d 1141, 1141-1142), and we conclude that defendants established that they did not create the alleged dangerous condition.  Plaintiff submitted the affidavits of two experts, who explained that the "gravelly condition" referred to by plaintiff was caused by excess stone along the right side of the roadway that defendants had not properly removed after applying the oil and stone to the roadway.  Plaintiff's experts did not provide, however, evidence of the existence of excess stone as a result of the process.  Even assuming, arguendo, that there was stone left along the edge of the roadway following the oil and stone process, as plaintiff's experts allege, we conclude that defendants established that any negligence in that respect was not a proximate cause of the accident (*see Swauger v White*, 1 AD3d 918, 919-920).  Defendants established that the sole proximate cause of the accident is that one of the drivers crossed into the lane of the other driver (*see id.*). We note that the police report indicates that plaintiff appeared to have been traveling "just right" of the center line and that the other driver had crossed the center line by approximately four to six inches.  We further conclude that the opinions of plaintiff's experts that the alleged presence of excess stone along the right side of the roadway required plaintiff to drive close to the center of the roadway, thereby placing him in danger of a collision, is conclusory and speculative (*see Martindale*, 55 AD3d at 1387-1388).

Entered:  June 19, 2015                        Frances E. Cafarell
                                               Clerk of the Court