Garry, J.P.
Appeal from an order of the Court of Claims (McCarthy, J.), entered August 7, 2014, which granted claimants’ motion for summary judgment on the issue of liability.
While operating his motorcycle on Route 143 in the Town of Coeymans, Albany County, claimant George Rockenstire passed over a stretch of road that was littered with loose stone and gravel, causing him to lose control of his motorcycle and collide with another vehicle. Rockenstire and his spouse, derivatively, commenced this action claiming damages arising from defendant’s alleged negligence in constructing and maintaining the subject roadway. Following discovery, claimants moved for summary judgment on the issue of liability, which the Court of Claims granted. Defendant appeals.
Defendant contends that claimants failed to establish that defendant had notice of the hazardous condition of the roadway, or that defendant acted negligently in constructing or maintaining the roadway. It is well established that defendant owes the public a nondelegable duty to maintain its roadways in a reasonably safe condition (see Friedman v State of New York, 67 NY2d 271, 283 [1986]; Maldonado v New York State Thruway Auth., 86 AD3d 785, 786 [2011]; Harjes v State of New York, 71 AD3d 1278, 1279 [2010]). Defendant may be found liable where it has actual or constructive notice of a hazardous condition and fails to take reasonable measures to remedy the danger (see Friedman v State of New York, 67 NY2d at 286; Martin v State of New York, 305 AD2d 784, 785 [2003], lv denied 100 NY2d 512 [2003]; D’Alessio v State of New York, 147 AD2d 791, 793 [1989]).
Taken together, claimants’ evidence established that, several weeks prior to the accident, Department of Transportation (hereinafter DOT) workers repaved the subject roadway. As part of this project, DOT deposited a loose stone and gravel material known as “crusher run” along the shoulder in order to provide a more level surface between the asphalt and the side of the roadway. The crusher run was then smoothed and tamped into place by a steel drum roller. A few days after this work had been completed, a police officer notified DOT that there was loose gravel on the subject roadway, which was creating a skidding hazard for vehicles. Two DOT supervisors visited the site thereafter to investigate the complaint and discovered crusher run scattered on the roadway. One of the supervisors who responded to the scene testified that, based upon his observations, he determined that the crusher run had been *1133 deposited on the roadway as the result of “vehicles [that] were cutting the corner too short and running off the road onto the shoulder and then dragging stone [from the right side of the roadway] back onto the road.” The other supervisor testified that it was foreseeable that vehicles exceeding the speed limit would stray off the shoulder and pull crusher run onto the roadway, posing a hazard to motorists. We find that this evidence was sufficient to establish defendant’s actual notice of a hazardous condition on the roadway, thus triggering a duty “to take reasonable measures to correct the condition” (Brooks v New York State Thruway Auth., 73 AD2d 767, 768 [1979], affd 51 NY2d 892 [1980]; see Brown v State of New York, 79 AD3d 1579, 1582 [2010]; Guido v State of New York, 248 AD2d 592, 592 [1998]; Green v State of New York, 71 AD2d 761, 761 [1979]).
With respect to defendant’s efforts to remedy the hazard, the evidence showed that, in response to the DOT supervisor’s observation that crusher run was being carried onto the roadway by passing vehicles, the crusher run was swept from the roadway and rerolled. Claimants submitted the expert affidavit of a licensed engineer, who opined that defendant’s remedial efforts were insufficient and in conflict with the DOT Highway Maintenance Guidelines, which called for the crusher run only to be deposited when it was “moist and workable” and, further, that the conditions present on the subject roadway called for the use of hot mixed asphalt to stabilize the shoulder. We find that claimant thus met his prima facie burden of establishing that the remedial efforts were unreasonable. In opposition, defendant submitted the affidavit of its expert engineer, who contested claimants’ expert’s characterization of the crusher run portion of the roadway as a “shoulder.” Instead, he argued that the crusher run constituted a “shoulder back up” and, therefore, those portions of the Guidelines relied upon by claimants’ expert were inapplicable.
Upon review, we find that the affidavit of defendant’s expert was insufficient to rebut claimants’ prima facie showing with respect to the reasonableness of defendant’s remedial efforts. The term “shoulder back up” appears to be undefined in the portions of the Guidelines submitted by defendant in its opposition papers. The term “shoulder” is defined as “the graded area or surface of the roadway adjacent to the pavement.” The Guidelines further define the purposes of a “shoulder” as, among other things, “[l]ateral support to the roadbed” and “[a] deceleration lane in case of emergency.” This definition comports with the deposition testimony of defendant’s agents, *1134 in which they described the installation and purpose of the crusher run portion of the subject roadway. The engineer responsible for the roadway explained that the crusher run was located “at the edge of the asphalt shoulder” and that it was leveled and compacted after being laid down. One of the DOT supervisors testified that the crusher run was graded using a screed and was intended to act as “a safety net” to drivers by providing them with a “taper off of the pavement in case they ran off the pavement.” Thus, we find no support in the record for the conclusory statement by defendant’s expert that the crusher run portion of the roadway did not constitute a “shoulder” for purposes of the Guidelines, and it was therefore insufficient to raise a triable issue of fact (see Smith v Allen, 124 AD3d 1128, 1131 [2015]; Ioffe v Hampshire House Apt. Corp., 21 AD3d 930, 931 [2005]). Moreover, even if the distinction were accepted as meaningful, defendant’s expert did not offer any opinion as to whether defendant’s actions in simply sweeping the crusher run off the roadway and rerolling it fell within the acceptable standard of care in responding to the hazard. Accordingly, defendant failed to rebut claimants’ prima facie showing of entitlement to summary judgment on the issue of liability.
Finally, defendant contends that triable issues of fact remain with respect to Rockenstire’s comparative negligence or the negligence of a third party. However, defendant has failed to either identify any allegedly negligent third party or how she or he was negligent. These assertions, as well as the claims that Rockenstire himself was negligent, are purely speculative and thus insufficient to raise an issue of fact. While it is true that “drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident” (Smith v Allen, 124 AD3d at 1130 [internal quotation marks, brackets and citations omitted]), “Speculation regarding evasive action that a . . . driver should have taken to avoid a collision, especially when the driver had, at most, a few seconds to react, does not raise a triable issue of fact” (Cancellaro v Shults, 68 AD3d 1234, 1237 [2009] [internal quotation marks and citations omitted], lv denied, 14 NY3d 706 [2010]). Although Rockenstire testified that he did not see the crusher run until after the accident, he explained that he came upon the debris after rounding a corner in the roadway; one of the DOT supervisors described the corner as “almost a pin turn.” Rockenstire further testified that the crusher run was “all over the road” and that he attempted to apply the brakes once he began to lose control of his motorcycle. Thus, there was no evidence that he had an opportunity to observe the debris or *1135 that he failed to exercise reasonable care to avoid the accident (see Nasadoski v Shaut, 115 AD3d 1026, 1027 [2014]; Lamey v County of Cortland, 285 AD2d 885, 887 [2001]).
Rose, Lynch, Devine and Clark, JJ., concur. Ordered that the order is affirmed, with costs.