■ Karen Winters, Individually and as Parent and Guardian of Ryan Winters, an Infant, et al., Respondents, v Town of Germantown, Appellant. (And a Third-Party Action.) (Action No. 1.) Dennis Boccia et al., Individually and as Administrators of the Estate of Christopher J. Boccia, Deceased, Respondents, v Town of Germantown, Appellant. (And a Third-Party Action.) (Action No. 2.) (And Two Other Related Actions.) [799 NYS2d 307]—

Mugglin, J. Appeal from an order of the Supreme Court (Stein, J.), entered June 25, 2004 in Columbia County, which partially denied defendant's motion for summary judgment dismissing the complaints.

Cars operated by plaintiff Karen Winters and decedent Christopher Boccia collided head on at or near the crest of a hill on Round Top Road in the Town of Germantown, Columbia County. Winters, individually and on behalf of her children, and the administrators of Boccia's estate commenced two separate actions against defendant, generally alleging that it negligently maintained the road and negligently breached its duty to safely and correctly design the road.* Defendant moved for summary judgment. Supreme Court dismissed all claims of negligent maintenance because no prior written notice of a dangerous or defective condition was given. It also dismissed the claim that defendant was negligent for failing to post warning signs, finding no duty to post limited sight distance signs because of a crest of hill. However, the court found that defendant failed to establish, as a matter of law, that it had no duty "to widen, paint, light, create shoulders or post reduced speed limits in order to make the road reasonably safe and has failed to establish that a breach of such duties did not proximately cause the accident." Defendant appeals.

Defendant established by its submissions that Round Top Road is a lightly-traveled, rural thoroughfare which arose by public use, and that both Winters and Boccia were frequent travelers of this road and familiar with it. As a consequence, we perceive no reason why this case is not governed by the principles enunciated by this Court in *Gilberto v Town of Plattekill* (279 AD2d 863 [2001], *lv denied* 96 NY2d 710 [2001]). Therein, we stated: "Fundamentally, the absence of a warning sign or other traffic control device or highway marking may be excluded as a cause of an accident 'if the driver's awareness of the physical conditions prescribed the same course of action as the warning sign would have, [or] if the driver, by reason of his recollection of prior trips over the same road, "actually had the danger in mind" as he approached it on the highway' " (*id.* at 864 [citations omitted]). Thus, whether this highway lacked shoulders, centerline paint markings or fog line paint markings, illumination or posted reduced speed limit signs or whether it was wider, are all inconsequential as the absence of each is not a substantial factor in the cause of this accident. While defendant does owe a nondelegable duty to construct and maintain its roads in a reasonably safe condition (*see Weiss v Fote*, 7 NY2d 579, 584 [1960]), it is not an insurer of the safety of users of its highways (*see Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]). Under the circumstances of this case, we do not reach the issue

---

* Two other actions were also commenced by Boccia's administrators and Winters, respectively, but said actions are not part of this appeal.

of whether defendant established, as a matter of law, that it had no duty to widen, paint, light, create shoulders or post reduced speed limits on this road, as we are convinced on this record that the sole cause of this accident was the negligence of one or both of the drivers.

Crew III, J.P., Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's motion; motion granted in its entirety, summary judgment awarded to defendant and complaints dismissed against it; and, as so modified, affirmed.