CHARLES M. HILL, Appellant, v KYLE M. CARPENTER et al., Defendants, and COUNTY OF MONTGOMERY, Respondent. [909 NYS2d 195]—

Spain, J. Appeal from an order of the Supreme Court (Catena, J.), entered August 25, 2009 in Montgomery County, which, among other things, granted a motion by defendant County of Montgomery for summary judgment dismissing the complaint against it.

Plaintiff was grievously injured in a March 16, 2003 automobile accident when traveling as a backseat passenger in a vehicle driven by defendant Kyle M. Carpenter. The vehicle was cresting a hill on Brookman's Corners Road in the Town of Minden, Montgomery County at approximately the same time as a vehicle driven by defendant Gary K. Jones traveling in the opposite direction. Upon sighting each other, both drivers swerved to their right to avoid colliding. Carpenter then lost

---

5. At oral argument, plaintiff's counsel conceded this point.

control of his vehicle and it exited the road, spun several times, overturned and struck a utility pole.

After plaintiff commenced this action against both drivers and various other parties, including defendant County of Montgomery, the County sought leave to amend its answer to include certain defenses, including qualified immunity, and moved for summary judgment dismissing the complaint against it. Plaintiff opposed the County's motions, cross-moved for partial summary judgment and for an order permitting the depositions of the County's expert witnesses. Supreme Court granted the County's motions, dismissed the complaint against it and denied plaintiff's cross motions. On plaintiff's appeal, we now affirm.

Plaintiff's claims against the County are premised on his assertion that the County breached its duty to maintain Brookman's Corners Road in a reasonably safe manner because the sharp hillcrest of the road caused extremely limited sight distance. However, "even if a duty on the part of the municipality were established, 'no liability will attach unless the ascribed negligence of the [municipality] . . . is the proximate cause of the accident' " (*Sherman v County of Cortland,* 18 AD3d 908, 910 [2005], *lv denied* 5 NY3d 713 [2005], quoting *Duger v Estate of Carey,* 295 AD2d 878, 878-879 [2002]). Here, we hold that even if the County were negligent in the design, construction or maintenance of Brookman's Corners Road, summary judgment was nevertheless appropriate because any such negligence was not a proximate cause of this accident (*see Tomassi v Town of Union,* 46 NY2d 91, 98 [1978]; *Sherman v County of Cortland,* 18 AD3d at 911).

Indeed, the record reflects that the accident was indisputably caused not by the condition of the road, but by the negligent driving of one or both of the drivers of the involved motor vehicles (*see Tomassi v Town of Union,* 46 NY2d at 98; *Winters v Town of Germantown,* 20 AD3d 713, 715 [2005]). According to the testimony of every witness except Carpenter, when the vehicle driven by Jones crested the hill, Carpenter was operating his vehicle in the center of the road and, therefore, was encroaching upon Jones' lane of travel. Carpenter, who was familiar with the road, reports instead that he was in his lane, but that Jones—also familiar with the road—had crossed the center line.* In sum, it is undisputed that at least one of the vehicles had crossed the center line, requiring the vehicles to swerve right to avoid a collision. Under these circumstances, the sole

---

* An issue of fact exists as to whether speed also contributed to the accident. Several witnesses, including plaintiff, testified that Carpenter was

proximate cause of the accident was the negligence of one or both of the drivers, and not any alleged negligence of the County (*see Winters v Town of Germantown*, 20 AD3d at 715; *Sherman v County of Cortland*, 18 AD3d at 911; *Duger v Estate of Carey*, 295 AD2d at 879). Thus, summary judgment dismissing the complaint against the County was proper.

In light of our holding, plaintiff's contention that the County should not have been permitted to amend its answer is academic. Further, we find that Supreme Court did not abuse its discretion in denying plaintiff's cross motion seeking to depose the County's experts. Plaintiff was not entitled to such an examination without a showing of special circumstances, absent here (*see* CPLR 3101 [d] [1] [iii]; *Ruthman, Mercadante & Hadjis v Nardiello*, 288 AD2d 593, 594 [2001]; *232 Broadway Corp. v New York Prop. Ins. Underwriting Assn.*, 171 AD2d 861, 861 [1991]).

Cardona, P.J., Mercure, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

operating the vehicle at excessive speeds prior to the accident. Carpenter pleaded guilty to reckless driving following the accident.