■ SAUNDRA GRIFFIN, Appellant, v STATE OF NEW YORK, Respondent. [921 NYS2d 703]—

Malone Jr., J. Appeal from a judgment of the Court of Claims (Hard, J.), entered January 25, 2010, upon a decision of the court in favor of defendant.

Claimant was approaching the entrance to an office leased by defendant, and occupied by the Department of Insurance, when she allegedly walked into a transparent glass sidelight next to the office door. She commenced this action seeking to recover damages for the injuries that she sustained, alleging that defendant had created a dangerous condition by failing to properly mark the sidelight. Following a trial, the Court of Claims dismissed the claim finding that, under the terms of defendant's lease agreement, defendant had no duty to mark the sidelights in accordance with the applicable statutory law and regulatory authority and that the lack of markings was not the proximate cause of claimant's injuries. Claimant appeals.

When reviewing a nonjury decision of the Court of Claims, we are "vested with broad authority to independently review the probative weight of the evidence" (*White v State of New York*, 41 AD3d 1071, 1072 [2007] [internal quotation marks and citation omitted]) and to render the judgment we find warranted by the facts (*see McKee v State of New York*, 75 AD3d 893, 894 [2010]). Here, we agree with the Court of Claims that defendant did not have a duty to mark the glass in accordance with the Labor Law or the Industrial Code. Labor Law § 241-b mandates that "[a]ll transparent glass doors in mercantile establishments and in public and commercial buildings and structures shall be marked in such manner as shall be calculated to warn persons using the same that such doors are glass doors." The implementing regulations extend the requirement to adjacent sidelights and, further, place the duty of compliance with the requirement with "[t]he owner or affected tenant or both of any building" fitting the statutory criteria (12 NYCRR 47.6). Here, the regulation, rather than the statute, defines the responsible parties and, thus, the duty of marking the sidelights is a delegable duty (*see Carpenter v Watkins Salt Co.*, 64 AD2d 330, 332-334 [1978]; *Sherman v State of New York*, Ct Cl, July 17, 2000, Collins, J., claim No. 101810, UID No. 2000-015-051). Because the terms of defendant's lease specifically placed the duty of compliance with all applicable rules and regulations with the building owner, we are not persuaded by claimant's contention that defendant breached a duty of care with respect to the applicable Labor Law and Industrial Code provisions.

However, claimant also asserted in her pleadings and at trial a common-law negligence claim. Specifically, claimant alleged

that defendant had negligently maintained the property in question by, among other things, failing to utilize the existing blinds on the window and failing to warn individuals of the allegedly dangerous condition presented by the unmarked side window glass. Because the Court of Claims failed to dispositively address this part of the claim, the matter must be remitted to that court for a determination with respect to the issue of common-law negligence.

Finally, we are not persuaded by claimant's remaining contention that the lease agreement between defendant and the building owner was improperly admitted into evidence.

Peters, J.P., Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed claimant's common-law negligence claim; matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.