Rose, J.
Appeal from a judgment of the Court of Claims (Milano, J.), entered January 6, 2012, upon a decision of the court in favor of defendant.
Claimant Frederick L. Ball (hereinafter claimant) was severely injured as a result of a one-vehicle motorcycle accident. On a clear, dry afternoon, while traveling on a straight, flat state road with his grandson as a passenger, claimant drove off the right side of the roadway and struck a tree located 10 feet from the edge of the pavement. Claimants commenced this action alleging, among other things, that defendant’s negligence in designing, constructing and maintaining the roadway resulted in a dangerous drop-off condition along the edge of the pavement. It is undisputed that the paved surface of both the 10-foot-wide driving lane and the two-foot-wide shoulder were free of any defects.
At trial, witnesses testified that claimant had been traveling in the driving lane when he suffered a bout of hard coughing. According to witnesses, claimant and his grandson bounced roughly, the motorcycle leaned right, it veered off the driving lane and crossed the shoulder into the drop-off area that ran along the edge of the pavement adjacent to a drainage ditch with sloped sides. The grandson then jumped from the motorcycle and was unharmed, but claimant, who has no memory of the accident, was severely injured when he ultimately crashed into the tree. His expert testified that the drop-off at the edge of the pavement was the sole factor that caused the motorcycle to become unstable and claimant to lose control. Without reaching the issue of whether defendant owed claimant a duty with respect to the drop-off, the Court of Claims rejected the expert’s testimony, concluding that claimant’s coughing fit was the reason that he lost control and the sole proximate cause of the accident. The court dismissed the claim, and claimants now appeal.
*1249 In order to recover, claimants were required to establish that the allegedly dangerous condition of the drop-off at the edge of the pavement was a proximate cause of the accident (see Bernstein v City of New York, 69 NY2d 1020, 1021-1022 [1987]; Hill v Carpenter, 77 AD3d 1130, 1131 [2010], lv denied 16 NY3d 712 [2011]; Owens v Campbell, 16 AD3d 1000, 1001-1002 [2005], lv denied 5 NY3d 704 [2005]). In reviewing nonjury verdicts by the Court of Claims, this Court has “broad authority to independently review the probative weight of the evidence” (Griffin v State of New York, 83 AD3d 1357, 1358 [2011] [internal quotation marks and citations omitted]; accord Shon v State of New York, 75 AD3d 1035, 1036 [2010]; McKee v State of New York, 75 AD3d 893, 894-895 [2010]). Giving appropriate deference to the court’s credibility determinations and factual findings here (see Shon v State of New York, 75 AD3d at 1036; White v State of New York, 41 AD3d 1071, 1072 [2007]), we find no basis to disturb its determination.
Even assuming the existence of a duty, the weight of the evidence supports the Court of Claims’ conclusion that claimant lost control as a result of his coughing fit while on the defect-free paved portion of the road, rather than—as claimants’ expert assumed—after claimant ran off the paved shoulder. The court relied on testimony from the grandson and an eyewitness, as well as evidence that claimant did not apply his brakes or reduce his speed as he veered off the roadway. While there was evidence that, after leaving the roadway, claimant traveled for three to five seconds along the edge of the pavement in the drop-off area, claimants’ expert could not say what angle of slope defendant should have maintained to permit claimant to regain the pavement. Accordingly, the conclusion that claimant would have been able to regain the roadway if the transition had been “more gradual” is simply speculative and has no probative value (see Sherman v County of Cortland, 18 AD3d 908, 911 [2005], lv denied 5 NY3d 713 [2005]; Plante v Hinton, 271 AD2d 781, 782 [2000]). As the record supports the conclusion that the accident was caused by claimant’s own conduct and not by the condition of the road, we affirm (see Brooks v New York State Thruway Auth., 51 NY2d 892, 893 [1980]; Burton v State of New York, 283 AD2d 875, 877 [2001]).
Peters, PJ., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.