Rose, J.
Appeal from a judgment of the Court of Claims (Collins, J.), entered May 11, 2012, upon a decision of the court in favor of defendant.
On a sunny day in June 2007, claimant was riding his motorcycle in a line of other motorcyclists on a rural state road when he alone failed to negotiate a curve and was injured. He commenced this action claiming that defendant had negligently posted confusing signs that were not in accordance with the Manual of Uniform Traffic Control Devices (hereinafter MUTCD) and allowed excessive amounts of sand and gravel to be present on the road. At trial on the issue of liability, claimant also alleged that defendant was negligent in the design of the curve’s superelevation, its radius and the drop-off beyond its shoulder. The Court of Claims dismissed the claim, finding that claimant failed to prove any negligence by defendant and that claimant’s operation of his motorcycle was the sole proximate cause of the accident. He now appeals.
The Court of Claims correctly held that the allegations regarding the design of the curve were not properly before it because claimant did not state them in the claim as required by Court of Claims Act § 11 (b). That statute is jurisdictional and requires *1258 dismissal of these belated allegations (see Kolnacki v State of New York, 8 NY3d 277, 281 [2007]; Young v State of New York [Univ. Hosp. of Brooklyn-Downstate Med. Ctr.], 82 AD3d 972, 973 [2011]; Dinerman v NYS Lottery, 69 AD3d 1145, 1145-1146 [2010], lv dismissed 15 NY3d 911 [2010]). In any event, the weight of the evidence supports the court’s thorough and well-reasoned decision finding that claimant failed to prove that the curve was improperly designed or that the condition of the shoulder caused or contributed to the accident.
Turning to the claims that were properly before the Court of Claims, claimant’s contention that defendant caused the accident by placing an area speed limit sign of 30 miles per hour approximately 300 feet prior to the curve, giving him a false sense of security as to the appropriate speed for the curve, is unavailing. There was ample evidence that an appropriate advisory speed of 20 miles per hour had been posted for this area of the roadway and that the curve could be safely negotiated at 30 miles per hour. Further, the curve was readily observable from the point where the 30 mile-per-hour sign was posted.
We also reject claimant’s related contention that the signage approaching the curve violated the MUTCD. The portion of the MUTCD relied on by claimant in arguing that a left curve sign should have been placed prior to the curve is permissive (see 17 NYCRR former 231.3 [b] [4] [iv]) and, as noted by defendant, the MUTCD discourages placing a curve sign on a preceding curve, especially where, as here, the preceding curve is in the opposite direction of the curve sign (see 17 NYCRR former 231.3 [d] [2]). Moreover, defendant’s placement of three chevron signs at the curve was an appropriate alternative to a single arrow sign (see 17 NYCRR former 231.5 [a]). The evidence also established that defendant appropriately tested the curve and posted the appropriate advisory speed. In the absence of evidence that defendant failed to study the appropriate signs for the road or violated the MUTCD, there is no basis to conclude that defendant’s placement of signs was unreasonable (see Affleck v Buckley, 96 NY2d 553, 556 [2001]; Weiss v Fote, 7 NY2d 579, 584 [I960]; Zecca v State of New York, 247 AD2d 776, 778 [1998]).
Finally, testimony from the deputy sheriff who investigated the accident and two of claimant’s riding partners who had safely preceded him through the curve supports the finding that there was no excessive amount of sand or gravel on the road. In sum, upon our independent review of the record, and giving due deference to the Court of Claims’ assessment of the evidence and the credibility of the witnesses, we find no basis to disturb *1259 its determination (see Ball v State of New York, 106 AD3d 1248, 1249 [2013]; Maldonado v New York State Thruway Auth., 86 AD3d 785, 785 [2011]; Shon v State of New York, 75 AD3d 1035, 1036 [2010]).
Peters, PJ., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.