Lynch, J.
 

 Appeals (1) from a decision of the Court of Claims (Bruening, J.), entered June 10, 2016, following a bifurcated trial in favor of defendant on the issue of liability, and (2) from the judgment entered thereon.
 

 This negligence claim arises out of a motor vehicle accident that occurred along State Route 96 in the Village of Owego, Tioga County on May 1, 2008. Just prior to the accident, claimant Paul W. Prasarn (hereinafter Prasarn) was proceeding southbound on his 2004 Suzuki motorcycle. Claimant Visut Prasarn, claimant’s father, was following closely behind. The accident occurred when Prasarn’s motorcycle collided with an automobile driven by Michael Armour that was exiting from a thrift store driveway on the west side of Route 96. Armour was endeavoring to make a left-hand turn to proceed northbound on Route 96. In this negligence action, Prasarn seeks damages as a result of the severe injuries he sustained in the collision—he was left paralyzed from the waist down—and his father seeks to recover for emotional distress as he witnessed the accident.
 

 Claimants essentially maintain that defendant was negligent in failing to relocate obstructions that blocked the northbound view of a driver at the stop line leading out of the thrift store driveway and in failing to trim trees and brush from the western side of Route 96 along a curve north of the driveway that claimants contend limited the sight distance of both drivers. In a 1995 study, defendant recommended cutting the trees and brush and did a further review of the Route 96 driveway intersection in 2005. There is no evidence documenting that any such maintenance work was performed. Following a trial on liability only, the Court of Claims dismissed the claim, finding both that defendant was not negligent in maintaining Route 96 and that any negligence on defendant’s part was not a proximate cause of the accident. Claimants appeal from the decision of the Court of Claims and the judgment entered thereon.
 
 *
 

 We affirm. In reviewing a Court of Claims verdict, we have “broad authority to independently review the probative weight of the evidence,” while according “appropriate deference to the court’s credibility determinations and factual findings” (Ball v State of New York, 106 AD3d 1248, 1249 [2013] [internal quotation marks and citations omitted]). Where, as here, the claimant has no independent recollection of how the accident happened, the claimant still has the burden of proving that defendant’s negligence was a substantial factor in causing the accident, but the factfinder is permitted greater latitude in drawing an inference of negligence (see PJI 1:62). For his part, Prasarn’s father testified that he was traveling at the 40 mile-per-hour speed limit, 40 to 50 feet behind his son, but did not see the Armour vehicle until the impact.
 

 As for the obstructions at the intersection, the record shows that a mailbox, telephone pole and a sign for the thrift store impede the view of a driver looking northbound from the stop line of the store’s driveway. That concern, however, is of no moment for the Court of Claims credited the testimony of both Armour and his wife that, after stopping at the stop line, Armour then inched his vehicle up 10 feet or so to the fog line. From that vantage point, Armour and his wife confirmed that their northbound view was unobstructed to the point of the curve in Route 96. Notably, claimants’ accident reconstruction expert, Thomas Onions, testified that the northbound site distance from the driveway at the fog line was approximately 475 feet. Onions further testified that the stopping sight distance for a vehicle traveling 40 miles per hour was 315 feet, and 378 feet for a vehicle traveling 45 miles per hour. Stopping sight distance is the distance a motorist needs at a defined speed to perceive an unexpected danger and bring the vehicle to a stop. While defendant’s engineering expert, Daniel Paddock, opined that the sight distance was 520 feet with a stopping sight distance of 305 feet at 40 miles per hour and 360 feet at 45 miles per hour, even accepting Onions’ estimates, these measurements demonstrate that Prasarn’s motorcycle was well within the available sight distance before Armour proceeded into the roadway. The court credited Armour’s testimony that “I looked to my left, I looked to my right. I looked to my left, I looked to my right. I looked to my left. I started to pull out. I looked to my right. And then I turned and the accident happened.” Based on the immediacy of the impact as Armour proceeded into Route 96, the court could reasonably conclude that Prasarn was well within Armour’s sight distance. From his review of skid marks at the scene and damage to the vehicle, Paddock opined that Prasarn was “probably was only a couple hundred feet from the intersection when [Armour] pulled out.” As such, the record supports the court’s determination that any negligence on defendant’s part in failing to trim the trees along the curve was not a substantial factor in causing this unfortunate accident and that Armour’s negligence was the sole proximate cause (see Graff v State of New York, 126 AD3d 1081, 1083-1085 [2015]).
 

 McCarthy, J.P., Devine, Clark and Pritzker, JJ., concur.
 

 Ordered that the appeal from the decision is dismissed, without costs. Ordered that the judgment is affirmed, without costs.
 

 *
 

 As a decision is not an appealable paper, the appeal from the decision must be dismissed (see Mahoney v State of New York, 147 AD3d 1289, 1290 n 2 [2017], lv denied 30 NY3d 906 [2017]).