Disla v Biggs (2021 NY Slip Op 00906)





Disla v Biggs


2021 NY Slip Op 00906


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Index No. 310312/11, 300415/13, 303972/13, 306224/13, 24192/13E, 83810/13, 83971/13 Appeal No. 13077-13078N Case No. 2019-3843, 2020-02494 

[*1]Katerina Alexandria Disla, Plaintiff,
v
Erol G. Biggs et al., Defendants-Respondents.
Pedro Luis Sosa, Plaintiff-Respondent,
v
Linda Suarez et al., Defendants-Appellants, Ryder Truck Rental et al., Defendants-Respondents, The City of New York, Defendant-Respondent-Appellant.
Pedro Sosa-Zarzuel, as Administrator of the Estate of Jennifer Sosa, Deceased, Plaintiff-Respondent-Appellant,
v
The City of New York, Defendant-Appellant-Respondent, Mitchell Lebron et al., Defendants. [And Other Actions.]


Gentile & Tambasco, Hicksville (Susan J. Mitola of counsel), for Linda Suarez and Linda Greenhouse, appellants.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka and Andrea Alonso of counsel), for Leon Cabrera, appellant.
Law Office of Tromello & Fishman, Tarrytown (Silvia C. Souto of counsel), for Ulise Cabral, appellant.
James E. Johnson, New York (Diana Lawless of counsel), for City of New York, appellant-respondent.
Sullivan Papain Block McGrath & Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for Pedro Sosa-Zarzuel, respondent-appellant.
PeÑa & Kahn, PLLC, Bronx (Diane Bando of counsel), for Pedro Luis Sosa, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 19, 2019, which, insofar as appealed from as limited by the briefs, denied defendants Ulise Cabral, Louis and Michelle Hernandez, Leon Cabrera, Linda Suarez and Linda Greenhouse (collectively, the First Accident Defendants), and the City of New York's motions for summary judgment dismissing the complaints and all cross claims against them in Index Nos. 300415/13 and 303072/13 (Action Nos. 2 and 3), unanimously modified, on the law, to grant the City's motion as to the claims premised on negligence in failing to post warning signs, to close the road, and in hiring, retention, or training, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about September 23, 2019, which granted the City's motion to amend its answer to assert an affirmative statute of limitations defense and to dismiss the conscious pain and suffering claim in Index No. 303072/13 pursuant to CPLR 3211(a)(5), unanimously affirmed, without costs.
These actions arise from a series of motor vehicle accidents that took place on an elevated portion of the Cross Bronx Expressway after a snowstorm. The first accident involved vehicles owned and operated by Linda Greenhouse, Linda Suarez, Louis and Michelle Hernandez, Leon Cabrera, Ulise Cabral, and Ryder Truck Rental, Inc. The second accident involved vehicles owned and operated by Erol Biggs, Natividad Santiago, Stephanie Mass Garcia, and Pedro Luis Sosa a/k/a Pedro L. Sosa-Escotto (Pedro). Pedro's sister, Jennifer Sosa (Jennifer), was a passenger in the vehicle he operated. In the third accident, a car owned and operated by Mitchell Lebron struck Pedro and Jennifer, who had exited their vehicle, and propelled them off the elevated roadway, killing Jennifer and injuring Pedro. This appeal involves claims brought by Pedro and by Pedro Sosa-Zarzuel on behalf of Jennifer's estate.
The City is not entitled to summary dismissal of Pedro and Sosa-Zarzuel's negligent maintenance claims. Although the City submitted evidence of its substantial snow and ice removal efforts, the record also includes testimony by several individuals that the road was icy at the time of the accidents and that there was no evidence of sand or salt; photographs taken shortly after the accidents in which snow, slush, and wetness possibly indicative of ice are visible on the road; climate data reflecting that it stopped snowing more than three hours before the first accident; and the opinion of a meteorological expert that black ice would have been present in the hours leading up to the accidents, but not if the City had plowed and salted as stated. This evidence raises questions of fact as to whether the subject road was in fact icy at the time of and for a reasonable period preceding the accidents, whether City employees should have seen the ice as they patrolled the road, and whether City employees in fact salted when and as frequently as stated ([*2]see Slaughter v State of New York, 238 AD2d 770, 771-772 [3d Dept 1997]; Rooney v State of New York, 111 AD2d 159, 160 [2d Dept 1985]). Other evidence also raises questions as to whether City workers complied with orders regarding how many people to deploy for snow removal. Although witnesses suggested that the orders may have changed in view of lower-than-anticipated snowfall, the evidence on this point is inconclusive.
The City is, however, entitled to summary judgment dismissing the claims alleging negligence in failing to post warning signs or to close the road and in hiring, retaining, and training its employees or independent contractors. The claims relating to road closing and negligent hiring, retention, and training are deemed abandoned, as they were not addressed by either plaintiff, either in opposition to the motions or on appeal. The claim relating to warning signs was also not asserted by Sosa-Zarzuel below. It is in any event without merit.
Plaintiffs' reliance on federal Manual of Uniform Traffic Control Devices standards is misplaced, as the standards indicate that placement of a sign is permissive, not mandatory (see Politi v State of New York, 112 AD3d 1257, 1258 [3d Dept 2013]). Plaintiffs' objection to the City's failure to undertake a study to determine whether signs were necessary is also unavailing, as the City was not "made aware of a dangerous traffic condition" (see Turturro v City of New York, 28 NY3d 469, 480 [2016] [internal quotation marks omitted]; Chunhye Kang-Kim v City of New York, 29 AD3d 57, 59 [1st Dept 2006]). The evidence reflects that the City did not receive any complaints involving wet or icy conditions on the subject roadway during the five years preceding the accident and that only two accidents in the preceding 10 years involved slippery pavement, only one of which occurred in the winter (see Solazzo v New York City Tr. Auth., 21 AD3d 735, 736 [1st Dept 2005], affd 6 NY3d 734 [2005]). A general awareness that elevated roadways freeze more quickly is not sufficient to establish actual notice of a recurring hazardous condition (id.).
The First Accident Defendants are not entitled to summary judgment dismissing Pedro and Sosa-Zarzuel's claims (and any cross claims) against them. Factual issues exist as to whether the distance between the location of the first accident and that of the later accidents was sufficient to demonstrate that the first accident was not a proximate cause of the other accidents (see Renteria v Simakov, 109 AD3d 749, 750 [1st Dept 2013]). Nor can it be determined as a matter of law whether sufficient time had elapsed between the first accident and the subsequent accidents to demonstrate that the first merely provided the condition or occasion for the other accidents and was not a proximate cause of them (id.).
The motion court providently exercised its discretion in allowing the City to amend its answer to assert a statute of limitations defense with respect to Sosa-Zarzuel's conscious [*3]pain and suffering claim and in dismissing that claim on this basis. Sosa-Zarzuel does not dispute that the defense has merit. Although the City waited nearly six years after commencement of this action to move to amend its answer, this delay in seeking to amend a pleading is not dispositive, as plaintiff failed to establish prejudice resulting therefrom (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411, 413-414 [2014]; Solomon Holding Corp. v Golia, 55 AD3d 507 [1st Dept 2008]; Barbour v Hospital for Special Surgery, 169 AD2d 385, 385-387 [1st Dept 1991]). Although the parties have already completed extensive discovery and litigated a summary judgment motion, they would have done so even if the statute of limitations defense had been raised earlier, as the defense affects only one of plaintiff's claims (for conscious pain and suffering) and
his remaining claim (for wrongful death) is based on the same underlying facts.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021