Steigelman v Transervice Lease Corp. (2022 NY Slip Op 06451)

Steigelman v Transervice Lease Corp.

2022 NY Slip Op 06451

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 21805/14 Appeal No. 16645 Case No. 2022-02184 

[*1]Stephanie Steigelman et al., Plaintiffs-Appellants,
v
Transervice Lease Corp. et al, Defendants-Respondents, Tony Stroud et al., Defendants.

Ogen & Sedaghati, P.C., New York (Eitan Alexander Ogen of counsel), for appellants.
Hannum Feretic Prendergast & Merlino, LLC, New York (Adam S. Oustatcher of counsel), for respondents.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered March 15, 2022, which granted defendants Transervice Lease Corp. and Wakefern Food Corp.'s motion for leave to amend their answer and to dismiss the complaint as against them pursuant to CPLR 3211(a)(7) and 3212, unanimously modified, on the law, to deny the motion to dismiss the complaint and reinstate the complaint against them, and otherwise affirmed, without costs.
The court providently exercised its discretion in granting defendants leave to amend their answer in the absence of a showing of prejudice by plaintiffs (CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Disla v Biggs, 191 AD3d 501, 504 [1st Dept 2021]).
The court also properly considered defendants' present motion, despite the prior award of partial summary judgment on the issue of liability in plaintiffs' favor (see Steigelman v Transervice Lease Corp., 145 AD3d 439 [1st Dept 2016]). The finding of liability on the prior appeal was based on defendant driver Tony Stroud's violation of Vehicle and Traffic Law § 1128 (a), and the issue of whether Transervice and Wakefern are exempt from liability under the Graves Amendment (49 USC § 30106) was not addressed (see Lewis v Hertz Corp., 212 AD2d 476, 477 [1st Dept 1995], lv denied 85 NY2d 810 [1995]).
However, the court should not have granted defendants' motion to dismiss, as they failed to establish as a matter of law that they were immune from liability. "Under the Graves Amendment, the owner of a leased or rented motor vehicle cannot be held vicariously liable 'for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)'" (Villa-Capellan v Mendoza, 135 AD3d 555, 556 [1st Dept 2016], quoting 49 USC § 30106 [a]). Here, the documentary evidence annexed to defendants' motion did not establish prima facie that the tractor-trailer that Stroud was driving at the time of the accident was rented or leased by either (cf. Kalair v Fajerman, 202 AD3d 625, 626-627 [1st Dept 2022]). While Transervice claims that "Schedule A" of its Equipment Lease Agreement listed the subject tractor as one of the vehicles that it leased out, that document was not submitted with the agreement. Likewise, the invoice did not reference the specific vehicle. Wakefern's submissions did not establish as a matter of law that it was engaged in the trade or business of renting or leasing motor vehicles. Rather, its evidence showed that it was in the business of providing groceries and related products, and that it contracted for shipping services for its refrigerated trailers (see Brown v McKenzie, 169 AD3d 595, 595 [1st Dept 2019]).
The record also raises [*2]a triable issue of fact as to whether Stroud was employed by Transervice at the time of the accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022